IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| COMMONWEALTH OF MASSACHUSETTS; STATE OF CALIFORNIA; STATE OF ARIZONA; STATE OF MINNESOTA; STATE OF CONNECTICUT; STATE OF COLORADO; STATE OF DELAWARE; DISTRICT OF COLUMBIA; STATE OF HAWAI'I; STATE OF ILLINOIS; LAURA KELLY, in her official capacity as Governor of the State of Kansas; OFFICE OF THE GOVERNOR ex rel. Andy Beshear, in his official capacity as Governor of the Commonwealth of Kentucky; STATE OF MAINE; STATE OF MARYLAND; STATE OF MICHIGAN; STATE OF NEVADA; STATE OF NEW JERSEY; STATE OF NEW MEXICO; STATE OF NEW YORK; STATE OF NORTH CAROLINA; STATE OF OREGON; JOSH SHAPIRO, in his official capacity as Governor of the Commonwealth of Pennsylvania; STATE OF RHODE ISLAND; STATE OF VERMONT; STATE OF WASHINGTON; and STATE OF WISCONSIN,<br><br>          Plaintiffs,<br><br>  v.<br><br>UNITED STATES DEPARTMENT OF AGRICULTURE; BROOKE ROLLINS, in her official capacity as U.S. Secretary of Agriculture; U.S. OFFICE OF MANAGEMENT AND BUDGET; RUSSELL VOUGHT, in his official capacity as Director of the U.S. Office of Management and Budget; and UNITED STATES OF AMERICA,<br><br>          Defendants. | Case No. 1:25-cv-13165<br><br>**EMERGENCY HEARING REQUESTED** |

## PLAINTIFFS' MOTION FOR A TEMPORARY RESTRAINING ORDER

   Plaintiffs seek emergency relief from this Court because tens of millions of their residents are on the cusp of crisis: their life-saving benefits under the Supplemental Nutrition Assistance Program (SNAP) have been abruptly suspended by the federal government. Pursuant to Federal Rule of Civil Procedure 65 and Local Rule 7.1, Plaintiffs respectfully move for a temporary restraining order enjoining this unlawful act.

   The continued issuance of SNAP benefits is mandatory. Neither a lapse in appropriations,

nor a government shutdown, alters this requirement. Indeed, for years, and as recently as four weeks ago, the U.S. Department of Agriculture (USDA) consistently maintained that SNAP benefits will continue in the event of a shutdown because SNAP is a "core program[] of the nutrition safety net." Yet on October 10, 2025, USDA without explanation changed course and directed state SNAP administrators to refrain from transferring massive state benefits data files to SNAP card vendors, without which SNAP benefits cannot be processed and paid. Then, on October 24, USDA suspended SNAP benefits altogether for November 2025. It provided no explanation for the suspension, or for its refusal to use available resources to fund SNAP.

Plaintiffs satisfy the requirements for temporary emergency relief from USDA's actions to suspend SNAP. First, Plaintiffs are likely to succeed on the merits of their claims because Defendants' suspension of SNAP benefits are unlawful in multiple respects. The suspension is contrary to law in violation of 5 U.S.C. § 706(2)(A) and (C) of the Administrative Procedure Act because SNAP benefits are a mandatory entitlement, requiring federal payments so long as Congress has appropriated funds for them—and Congress has done so. Indeed, Congress appropriated a $6 billion SNAP contingency reserve for this very eventuality, which USDA itself acknowledged are available to fund participant benefits should a lapse in appropriations occurs The suspension is also arbitrary and capricious and an abuse of discretion, in violation of 5 U.S.C. § 706(2)(A). The abrupt decision to withhold appropriated funds for the payment of November 2025 SNAP benefits—after initially stating the contingency reserve was available and would be used to fund SNAP benefits, and days before those benefits were scheduled to become available—does not reflect reasoned decisionmaking, does not consider the reliance interests of Plaintiffs, and does not reasonably consider alternatives to such a drastic step. To the extent Defendants purport to have the discretion to determine whether to fund SNAP benefits using alternative appropriations, including the contingency reserve, the suspension of SNAP benefits

2

constitutes an abuse of that discretion in violation of 5 U.S.C. § 706(2)(A).

Second, Plaintiffs will suffer immediate and irreparable harm if the SNAP suspension is permitted to move forward. Among other harms, the suspension will cause widespread harm in Plaintiffs' administration of this food safety net program. Meanwhile, the food insecurity caused by a disruption in SNAP benefits will harm Plaintiffs' provision of other governmental services, including emergency medical care and education. These harms are devastating and have cascading effects throughout Plaintiffs' governmental functions.

Third, the balance of equities and the public interest weigh in favor of a temporary restraining order. Here, the public consequences stemming from this action cannot be overstated. Millions of Plaintiffs' residents will suffer hunger without SNAP benefits to pay for food, with ramifications across state healthcare systems, the agencies that administer these (and other) benefits, and other state benefits programs that will become overburdened through the abrupt cessation of SNAP payments. Defendants' assertion that such funds will not and cannot be made available do not demonstrate a comparable harm.[1]

Wherefore, and for the reasons set forth in the accompanying memorandum of law, declarations, and evidence filed in support of this motion, Plaintiffs respectfully request that the Court immediately enter a temporary restraining order in the form set forth in the proposed order attached to this motion.

---

[1] Plaintiffs further request that the Court exercise its discretion to waive the requirement to post a bond under Rule 65(c). *See, e.g.*, *Int'l Assoc. of Machinists & Aerospace Workers v. Eastern Airlines*, 925 F.2d 6, 9 (1st Cir. 1991) (finding "ample authority for the proposition that the provisions of Rule 65(c) are not mandatory and that a district court retains substantial discretion to dictate the terms of an injunction bond."); *Silva Medeiros v. Martin*, 458 F. Supp. 3d 122, 130 (D.R.I. 2020) (district court waived the bond requirement where it would pose a hardship on petitioners and unduly restrict the federal rights at issue); *cf. Pineda v. Skinner Services, Inc.*, 22 F.4th 47, 57 (1st Cir. 2021) (district court did not abuse its discretion when it did not require low-wage laborers to post a bond).

Dated: October 28, 2025                    Respectfully submitted,

| | |
|---|---|
| ANDREA JOY CAMPBELL<br>Attorney General of Massachusetts<br><br>*/s/ Michelle Pascucci*<br>MICHELLE PASCUCCI (BBO #690889)<br>State Trial Counsel<br>LIZA HIRSCH (BBO #683273)<br>Chief, Children's Justice Unit<br>CASSANDRA THOMSON (BBO #705942)<br>Assistant Attorney General<br>Office of the Massachusetts Attorney General<br>1 Ashburton Place Boston, MA 02108<br>(617) 963-2255<br>michelle.pascucci@mass.gov<br>cassandra.thomson@mass.gov<br>*Attorneys for Plaintiff Commonwealth of Massachusetts* | ROB BONTA<br>Attorney General of California<br>PAUL STEIN*<br>Supervising Deputy Attorney General<br><br>*/s/ Maria F. Buxton*<br>MARIA F. BUXTON*<br>CHRISTOPHER KISSEL*<br>LIAM O'CONNOR*<br>RYAN EASON*<br>SEBASTIAN BRADY*<br>WILLIAM BELLAMY<br>DEPUTY ATTORNEYS GENERAL<br>*Attorneys for Plaintiff State of California* |
| KEITH ELLISON<br>Attorney General of Minnesota<br><br>*/s/ Joseph R. Richie*<br>JOSEPH R. RICHIE*<br>Special Counsel<br>445 Minnesota Street, Suite 1400<br>St. Paul, Minnesota, 55101<br>(651) 300-0921<br>joseph.richie@ag.state.mn.us<br>*Attorneys for Plaintiff State of Minnesota* | KRISTIN MAYES<br>Attorney General of Arizona<br><br>*/s/ Luci D. Davis*<br>JOSHUA D. BENDOR (AZ NO. 031908)*<br>Solicitor General<br>HAYLEIGH S. CRAWFORD (AZ NO. 032326)*<br>Deputy Solicitor General<br>LUCI D. DAVIS (AZ NO. 035347)*<br>Senior Litigation Counsel<br>2005 N. Central Ave. Phoenix, AZ 85004<br>(602) 542-3333<br>Joshua.Bendor@azag.gov<br>Hayleigh.Crawford@azag.gov<br>Luci.Davis@azag.gov<br>ACL@azag.gov<br>*Attorneys for Plaintiff State of Arizona* |

PHILIP J. WEISER
Attorney General of Colorado

/s/ Tanja E. Wheeler
TANJA E. WHEELER*
Associate Chief Deputy Attorney General
Colorado Department of Law
1300 Broadway, 10th Floor
Denver, CO 80203
Phone: (720) 508-6000
Tanja.wheeler@coag.gov
*Attorneys for Plaintiff State of Colorado*

WILLIAM TONG
Attorney General of Connecticut

/s/ Patricia E. McCooey
PATRICIA E. MCCOOEY*
Assistant Attorney General
165 Capitol Ave
Hartford, CT 06106
(860) 808-5020
Patricia.McCooey@ct.gov
*Attorneys for Plaintiff State of Connecticut*

KATHLEEN JENNINGS
Attorney General of Delaware

/s/ Ian R. Liston
IAN R. LISTON*
Director of Impact Litigation
VANESSA L. KASSAB*
Deputy Attorney General
ROSE E. GIBSON*
Assistant Attorney General
Delaware Department of Justice
820 N. French Street
Wilmington, DE 19801
(302) 683-8899
Ian.Liston@delaware.gov
*Attorneys for Plaintiff State of Delaware*

BRIAN L. SCHWALB
Attorney General for the District of Columbia

/s/ Nicole S. Hill
NICOLE S. HILL*
Assistant Attorney General
Office of the Attorney General for the District of Columbia
400 Sixth Street, NW
Washington, D.C. 20001
(202) 727-4171
Nicole.hill@dc.gov
*Attorneys for Plaintiff District of Columbia*

ANNE E. LOPEZ
Attorney General of Hawaiʻi

/s/ Kalikoʻonālani D. Fernandes
DAVID D. DAY*
Special Assistant to the Attorney General
KALIKOʻONĀLANI D. FERNANDES*
Solicitor General
425 Queen Street
Honolulu, HI 96813
(808) 586-1360
kaliko.d.fernandes@hawaii.gov
*Attorneys for Plaintiff State of Hawaiʻi*

KWAME RAOUL
Attorney General of Illinois

/s/ Harpreet K. Khera
HARPREET K. KHERA*
Bureau Chief, Special Litigation
ALICE L. RIECHERS*
Assistant Attorney General
115 S. LaSalle St., 35th Flr.
Chicago, Illinois 60603
(773) 590-7127
Harpreet.Khera@ilag.gov
*Attorneys for Plaintiff State of Illinois*

| | |
|---|---|
| LAURA KELLY, in her official capacity as Governor of the State of Kansas<br><br>*/s/ Justin Whitten*<br>JUSTIN WHITTEN*<br>General Counsel<br>ASHLEY STITES-HUBBARD*<br>Deputy Chief Counsel<br>Office of the Kansas Governor<br>300 SW 10th Ave, Room 541-E<br>Topeka, KS 66612<br>(785) 296-3930<br>Justin.h.whitten@ks.gov<br>Ashley.stiteshubbard@ks.gov<br>*Counsel for Governor Laura Kelly* | OFFICE OF THE GOVERNOR *ex rel.* Andy Beshear, in his official capacity as Governor of the Commonwealth of Kentucky<br><br>*/s/ S. Travis Mayo*<br>S. TRAVIS MAYO*<br>General Counsel<br>TAYLOR PAYNE<br>Chief Deputy General Counsel<br>LAURA C. TIPTON<br>Deputy General Counsel<br>Office of the Governor<br>501 High Street<br>Frankfort, KY 40601<br>(502) 564-2611<br>travis.mayo@ky.gov<br>taylor.payne@ky.gov<br>laurac.tipton@ky.gov<br>*Attorneys for Plaintiff Kentucky Governors' Office* |
| AARON M. FREY<br>Attorney General of Maine<br><br>*/s/ Brendan Kreckel*<br>BRENDAN KRECKEL*<br>Assistant Attorney General<br>Office of the Attorney General<br>6 State House Station<br>Augusta, ME 0433-0006<br>Tel.: 207-626-8800<br>Fax: 207-287-3145<br>brendan.kreckel@maine.gov<br>*Attorneys for Plaintiff State of Maine* | ANTHONY G. BROWN<br>Attorney General of Maryland<br><br>*/s/ James C. Luh*<br>JAMES C. LUH*<br>Senior Assistant Attorney General<br>Office of the Attorney General<br>200 Saint Paul Place, 20th Floor<br>Baltimore, Maryland 21202<br>410-576-6411<br>jluh@oag.state.md.us<br>*Attorneys for Plaintiff State of Maryland* |

DANA NESSEL  
Attorney General of Michigan

/s/ Neil Giovanatti  
NEIL GIOVANATTI*  
DANIEL PING*  
Assistant Attorneys General  
Michigan Department of Attorney General  
525 W. Ottawa  
Lansing, MI 48909  
(517) 335-7603  
GiovanattiN@michigan.gov  
PingD@michigan.gov  
*Attorneys for Plaintiff State of Michigan*

AARON D. FORD  
Attorney General of Nevada

/s/ K. Brunetti Ireland  
K. BRUNETTI IRELAND*  
Chief of Special Litigation  
Office of the Nevada Attorney General  
1 State of Nevada Way, Ste. 100  
Las Vegas, NV 89119  
kireland@ag.nv.gov  
*Attorneys for Plaintiff State of Nevada*

MATTHEW J. PLATKIN  
Attorney General of New Jersey

/s/ Kashif T. Chand  
KASHIF T. CHAND (NJ BAR NO. 016752008)*  
Assistant Attorney General  
New Jersey Office of the Attorney General, Division of Law  
124 Halsey Street, 5th Floor  
Newark, NJ 07101  
Tel: (973) 648-2052  
kashif.chand@law.njoag.gov  
*Attorneys for Plaintiff State of New Jersey*

RAÚL TORREZ  
Attorney General of the State of New Mexico

/s/ Anjana Samant  
ANJANA SAMANT*  
Deputy Counsel  
New Mexico Department of Justice  
408 Galisteo Street  
Santa Fe, New Mexico 87501  
505-270-4332  
asamant@nmdoj.gov  
*Attorneys for the State of New Mexico*

LETITIA JAMES  
Attorney General of New York

/s/ Molly Thomas-Jensen  
MOLLY THOMAS-JENSEN*  
Special Counsel  
MARK LADOV*  
Special Counsel  
28 Liberty St.  
New York, NY 10005  
(212) 416-8240  
molly.thomas-jensen@ag.ny.gov  
Mark.ladov@ag.ny.gov  
*Attorneys for Plaintiff State of New York*

JEFF JACKSON  
Attorney General of North Carolina

LAURA HOWARD  
Chief Deputy Attorney General

/s/ Adrian Dellinger  
ADRIAN DELLINGER*  
Assistant Attorney General  
North Carolina Department of Justice  
PO Box 629  
Raleigh, NC 27602  
(919) 716-6813  
ADellinger@ncdoj.gov  
*Counsel for State of North Carolina*

<div style="columns:2">

DAN RAYFIELD
Attorney General of Oregon

By: */s/ Leanne Hartmann*
　　LEANNE HARTMANN, Mass. BBO #667852
　　Senior Assistant Attorney General
　　Oregon Department of Justice
　　100 SW Market Street
　　Portland, OR 97201
　　Tel (971) 673-1880
　　Fax (971) 673-5000
　　Email: Leanne.Hartmann@doj.oregon.gov
*Attorneys for Plaintiff Oregon*

JOSH SHAPIRO, in his official capacity as Governor of the Commonwealth of Pennsylvania

JENNIFER SELBER
General Counsel

*/s/ Jacob B. Boyer*
JACOB B. BOYER
Deputy General Counsel
Pennsylvania Office of the Governor
30 N. 3rd St., Suite 200
Harrisburg, PA 17101
(717) 460-6786
jacobboyer@pa.gov
*Counsel for Governor Josh Shapiro*

PETER F. NERONHA
Attorney General of Rhode Island

/s/ *Madeline R. Becker*
MADELINE R. BECKER (RI BAR NO. 10034)*
Special Assistant Attorney General
150 South Main Street
Providence, RI 02903
(401) 274-4400, Ext. 2151
mbecker@riag.ri.gov
*Attorneys for Plaintiff State of Rhode Island*

NICHOLAS W. BROWN
Attorney General of Washington

*/s/ William McGinty*
WILLIAM MCGINTY, WSBA #41868
Assistant Attorneys General
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
206-464-7744
william.mcginty@atg.wa.gov
*Attorneys for Plaintiff State of Washington*

JOSHUA L. KAUL
Attorney General of Wisconsin

*/s/ Faye B. Hipsman*
FAYE B. HIPSMAN*
Assistant Attorney General
Wisconsin Department of Justice
Post Office Box 7857
Madison, Wisconsin 53707-7857
608-264-9487
faye.hipsman@wisdoj.gov
*Attorneys for Plaintiff State of Wisconsin*

*\* pro hac vice forthcoming*

CHARITY R. CLARK
Attorney General for the State of Vermont

*/s/ Ryan P. Kane*
RYAN P. KANE
Deputy Solicitor General
109 State Street
Montpelier, VT 05609
(802) 828-2153
Ryan.kane@vermont.gov
*Attorneys for Plaintiff State of Vermont*

</div>

**CERTIFICATE OF SERVICE**

      I, Michelle Pascucci, certify that on October 28, 2025, I provided a copy of the foregoing document and all attachments to the following attorneys at the U.S. Department of Justice by electronic mail:

Jason Altabet
Trial Attorney
Federal Programs Branch
U.S. Department of Justice
jason.k.altabet2@usdoj.gov

Abraham George
Chief, Civil Division
U.S. Attorney's Office for the District of Massachusetts
abraham.george@usdoj.gov

Rayford Farquhar
Chief, Defensive Litigation, Civil Division
U.S. Attorney's Office for the District of Massachusetts
rayford.farquhar@usdoj.gov

      /s/ Michelle Pascucci
      Michelle Pascucci (BBO #690889)

## **LOCAL RULE 7.1 CERTIFICATE**

I, Michelle Pascucci, certify that on October 28, 2025, I conferred with counsel for the government by teleconference, during which the parties were unable to resolve the dispute at issue in this motion.

/s/ Michelle Pascucci
Michelle Pascucci (BBO #690889)