**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| COMMONWEALTH OF MASSACHUSETTS, et al., <br><br> Plaintiffs, <br><br> v. <br><br> U.S. DEPARTMENT OF AGRICULTURE, et al., <br><br> Defendants. | No. 1:25-cv-13165-IT |

## MOTION FOR LEAVE TO FILE BRIEF OF *AMICUS CURIAE* THE STATE OF KANSAS <br> IN SUPPORT OF THE DEFENDANTS

The State of Kansas, by and through its Attorney General Kris W. Kobach, respectfully moves this Court for leave to file the accompanying amicus curiae brief, attached hereto as Exhibit "1," in support of Defendants. In support of this motion, the State of Kansas states as follows:

### 1. IDENTITY AND INTEREST OF AMICUS CURIAE

The State of Kansas has a direct and substantial interest in the proper resolution of this case. Kansas Governor Laura Kelly has joined this lawsuit purporting to represent Kansas's interests without authorization from the Kansas Attorney General, who under Kansas law is the sole officer empowered to direct the State's litigation in federal court. This unauthorized action raises critical issues of state constitutional law and federalism that directly affect Kansas's sovereignty and the proper allocation of executive authority within its government.

### 2. RELEVANCE OF AMICUS SUBMISSION

The proposed amicus brief will assist the Court by providing unique insight into Kansas law that is directly relevant to this Court's threshold jurisdictional inquiry. Specifically, the brief addresses:

a. The exclusive authority of the Kansas Attorney General to represent the State of Kansas in federal court litigation pursuant to Kansas statutory and constitutional law;

b. The absence of any legal authority for Governor Kelly to unilaterally initiate or join federal litigation on behalf of the State or its agencies;

c. The jurisdictional defects arising from Governor Kelly's lack of standing to pursue claims that properly belong to the State of Kansas and can only be vindicated by the Attorney General; and

d. The broader federalism concerns implicated when state officials exceed their constitutional authority in federal litigation.

### 3. DESIRABILITY OF AMICUS PARTICIPATION

The State of Kansas's participation as amicus curiae is particularly desirable because:

a. No party to this litigation can adequately represent Kansas's institutional interest in ensuring that only properly authorized officials speak for the State in federal court;

b. The Kansas Attorney General possesses unique knowledge of Kansas constitutional structure and the allocation of litigation authority that bears directly on this Court's subject matter jurisdiction;

c. The issues raised affect not only the immediate parties but also the integrity of state sovereignty and the proper functioning of Kansas's constitutional system; and

d. Resolution of these threshold jurisdictional issues may dispose of Governor Kelly's claims without reaching the merits, promoting judicial economy.

2

## 4. ABSENCE OF DUPLICATION

The proposed amicus brief does not duplicate the arguments of the parties. While Defendants have raised standing concerns in their opposition to Plaintiffs' emergency motion, the State of Kansas provides additional analysis grounded specifically in Kansas constitutional and statutory law that demonstrates Governor Kelly's lack of authority to maintain this action. This state-law perspective is essential to a complete understanding of the jurisdictional issues before the Court.

## 5. CONSENT OF THE PARTIES

Undersigned counsel has contacted counsel for all parties regarding consent to the filing of this amicus brief. Plaintiffs and Defendants consent to the filing.

## 6. TIMELINESS

This motion is timely filed as the case remains in its preliminary stages, with critical jurisdictional and emergency relief issues pending before the Court. The State of Kansas's input at this juncture will aid the Court in resolving threshold questions that may obviate the need for further proceedings as to Governor Kelly's claims.

## CONCLUSION

WHEREFORE, the State of Kansas respectfully requests that this Court grant leave to file the accompanying brief as amicus curiae in support of Defendants.

**Dated:** October 31, 2025

Respectfully submitted,

**KRIS W. KOBACH**
**Attorney General of Kansas**

*/s/ Michael C. Gilleran*
Michael C. Gilleran (BBO No. 192210)
michael.gilleran@fisherbroyles.com
FISHERBROYLES, LLP
470 Atlantic Avenue

Independence Wharf, 4th Floor
Boston, MA 02210
Direct: 781.489.5680
Mobile: 339.237.1384


James R. Rodriguez*
KS Bar No. 29172
  *Assistant Attorney General*
**Office of the Kansas Attorney General**
120 SW 10th Avenue, 2nd Floor
Topeka, Kansas 66612
Phone: (785) 296-2215
Fax: (785) 296-6296
Email: Jay.Rodriguez@ag.ks.gov
*\* Pro Hac Vice application forthcoming*

***Attorneys for the State of Kansas***

## CERTIFICATE OF SERVICE

I hereby certify that on this 31st day of October, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record who have entered an appearance.

*/s/ Michael C. Gilleran*

**Exhibit "1"**