IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| COMMONWEALTH OF MASSACHUSETTS; et al., <br><br>            Plaintiffs, <br><br> v. <br><br> UNITED STATES DEPARTMENT OF AGRICULTURE; et al., <br><br>            Defendants. | Case No. 1:25-cv-13165 <br><br> *Leave to file granted on November 6, 2025* (Doc. No. 67) |

**PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION FOR A TEMPORARY RESTRAINING ORDER**

Plaintiffs file this reply in further support of their motion for a temporary restraining order.[1] Since argument on October 30, 2025 and the Court's order on October 31, 2025 (Doc. No. 26), the USDA has agreed to use the contingency fund to pay for partial benefits. USDA sent two sets of tables for implementing partial benefits, both of which create innumerable problems for Plaintiffs and are likely to lead to unnecessary, and in some cases, substantial, delays. Based on their diligent investigations, Plaintiffs have determined that neither set of reduction tables provided by USDA satisfies USDA's legal obligations, and that neither will cure the irreparable harm suffered by Plaintiffs. For multiple Plaintiffs, the revised reduction tables provide no relief whatsoever. Plaintiffs require immediate relief to ensure their residents can have access to essential benefits as soon as possible, even while litigation proceeds and USDA comes into compliance with any

---

[1] To the extent the court deems this request beyond the scope of relief requested in Plaintiffs' motion, Plaintiffs hereby request that this pleading be converted to an amended motion for a temporary restraining order.

1

applicable court orders, and therefore renew their request for an order requiring USDA to pay full November SNAP benefits.

## THE EVENTS OF THE LAST THREE DAYS

On Monday, November 3, 2025, the Defendants declared that they would only provide partial benefits to the tens of millions of SNAP[2] recipients entitled to funds. The Defendants stated that "USDA is making all of the Contingency Funds"—a total of $4.65 billion—"available to the States for a partial payment" and that "USDA stands ready to assist States as they implement this process." Defs.' Resp. to Court Order, Doc. No. 48 at 2. The Defendants also asserted that the funding required to provide SNAP benefits from Section 32 funds would put other programs' funding at risk. Supp. Penn Decl., Doc. No. 48-1 at 6 ¶ 22.

On November 4, 2025, USDA provided Plaintiffs a guidance document and initial reduction tables for Reduced Allotments. *See* https://www.fns.usda.gov/snap/benefit-administrative-expense-update-Nov-2025. Since receiving the reduction tables, Plaintiffs have worked expeditiously to investigate possibilities for implementation. Defendants have acknowledged that, at least for some states, implementation of the plan presented by USDA could "take anywhere from a few weeks to up to several months." Supp. Penn. Decl., Doc. No. 48-1 at 8 ¶ 29. Several Plaintiffs determined that they could not feasibly implement the recalculation the Defendants issued on short notice. Specifically, they discovered that the recalculation would result in delays of weeks or even months in providing food assistance benefits to millions of residents and could create unacceptable risks of error and potential for increased error rates in quality control reviews, which may carry significant ramifications for Plaintiffs' administrative funding.[3] Third

---

[2] Unless otherwise specified, all acronyms and defined terms are from Plaintiffs' Motion for a Temporary Restraining Order and Memorandum in Support of Their Motion (Doc. No. 3).
[3] Due to the different technologies used by Plaintiffs, certain Plaintiffs are able to
(continued…)

Pascucci Decl., Ex. 3 (Reyes Decl.) ¶¶ 6-9 & Ex. 5 (Adelman Decl.) ¶¶ 13-15.[4] For example, the Minnesota Department of Children, Youth, and Families determined it would take at least six weeks to rewrite its computer systems' source code to implement the reduction tables and at least another six weeks to rewrite the code to revert to full benefits whenever they resume. Third Pascucci Decl., Ex. 4 (Moore Decl.) ¶¶ 10-12. As a further example, the Pennsylvania Department of Human Services informed USDA that implementing the reduction tables would require "completely restructuring Pennsylvania's core eligibility and case management system" and that this process would take a minimum of 9-12 business days, even on the emergency basis necessitated by the current crisis. Third Pascucci Decl., Ex. 2 (Nov. 4, 2025 Letter from Penn. to USDA) at 2. Thus, the proposed "change poses a serious threat for quality assurance processes and states' SNAP Payment Error Rates." *Id.*

On November 5, 2025, at or around approximately 9:00 PM ET, USDA provided "a follow up" guidance, which included updated reduction tables. Doc. No. 65-1. These updated reduction tables altered the USDA's guidance regarding how allotments are to be calculated, most notably by reducing the maximum allotments by 35 percent instead of the 50 percent required under the November 4 reduction tables. *See id.* In response, many Plaintiffs are once again attempting to expeditiously investigate implementation. The fact they have been asked to suddenly shift on a dime ***yet again*** as a result of these entirely new tables, causing further chaos and delay, underscores that USDA's approach here is untenable and unlawful. Given the unacceptable delays and risks of error arising from the changing reduction tables proposed by Defendants, it has become clear that

---

implement the reduction tables immediately and are in the process of doing so, while not waiving the right to further relief. The unlawful nature of the reduction tables, as described below, affects all Plaintiffs.
    [4] With the exception of the declaration of Mr. Shaneen Moore, all declarations are based on the initial reduction tables circulated as of November 4, 2025.

only full benefits will cure Plaintiffs' irreparable harms.

## ARGUMENT

### A. Plaintiffs are likely to succeed on the merits that defendants' actions are arbitrary and capricious.

Defendants' conduct in refusing to issue full benefits and instead issuing only partial benefits was arbitrary and capricious. USDA was aware, at the time that they made that decision, that it would result in essential benefits being delayed for weeks or months for millions of SNAP recipients. It stated in its response opposing emergency relief that requiring the states to implement a partial benefits process would likely result in "substantial chaos." Defs.' Opp., Doc. No. 18 at 15. And in its notice to the Court explaining its conduct, USDA reiterated its "understanding" that its proposed remedy would cause delays in benefit distributions "anywhere from a few weeks to up to several months." Supp. Penn Decl., Doc. No. 48-1 at 8 ¶ 29. In other words, USDA was aware at the time they refused to issue full benefits that it would result in delays so long that millions of SNAP benefits were unlikely to receive *any* benefits in November. Those predictions have been borne out: many Plaintiffs have found that their residents might not receive benefits for weeks or even months under the reduction tables, and that those tables could create unacceptable risks of error. *See supra* at pp. 2-3.

Defendants' decision was an abuse of discretion. Agency action constitutes an abuse of discretion where it "represents an unreasonable judgment in weighing relevant factors." *Star Fruits S.N.C. v. United States,* 393 F.3d 1277, 1281 (Fed. Cir. 2005); *see also Dep't of Com. v. New York,* 588 U.S. 752, 773 (2019) (agency decision is an abuse of discretion where it does not fall "within the bounds of reasoned decisionmaking"). Allowing Americans to go hungry for months on end when a viable alternative presents itself is an unreasonable judgment. Indeed, even for Plaintiffs that can quickly implement the reduction tables, Plaintiffs understand that the revised reduction

4

tables may leave certain beneficiaries with no benefits for the month of November.

Subsequent events have only underscored the arbitrary and capricious nature of Defendants' actions. The reduction tables they issued on November 4 did not fully exhaust the contingency fund, contrary to Defendants' own representations, and in violation of law and this Court's order. *See* Memo. & Order, Doc. No. 26 at 14 ("This court has now clarified that Defendants are required to use those Contingency Funds as necessary for the SNAP program."). According to an analysis published by the Center for Budget and Policy Priorities (CBPP), the USDA's November 4 allotment reduction scheme would have used "only about $3 billion in November, about two-thirds of the $4.65 billion" available in the contingency fund. Third Pascucci Decl., Ex. 1 (Nov. 5, 2025 CBPP Memo). *See also* NY Times, *Some SNAP Recipients May Not Receive Food Stamps Under White House Policy* (Nov. 4, 2025).[5] This critical error in the reduction tables sowed further chaos and confusion for states desperately seeking to get benefits to their residents quickly.

On the evening of November 5, Defendants issued yet another set of reduction tables, apparently in recognition of the fact that their initial tables were unlawful. Those tables continue to violate the applicable regulations, as discussed *infra*. But even beyond those issues, the whipsaw that the USDA has inflicted on Plaintiffs and their residents over the last few days highlights the arbitrary and capricious nature of their conduct.

USDA does not contest the necessity of making these payments, nor the damage it will do to the communities that the Plaintiffs serve. Rather, USDA's stated reason for refusing to transfer funds to make full SNAP payments is a concern that its Child Nutrition Programs may experience a shortfall sometime in the future. Supp. Penn Decl., Doc. No. 48-1 at 6 ¶¶ 13-23. But, as of

---

[5] https://www.nytimes.com/2025/11/05/us/politics/snap-payments-white-house.html.

October 8, 2025, Child Nutrition Programs has $23 billion at its disposal. State Child Nutrition Programs, OpenOMB, https://openomb.org/file/11478695 (Oct. 8, 2025); Supp. Penn Decl. Doc. No. 48-1 at 5 ¶ 15. As the declaration of former OMB Deputy Assistant Director Jack Smalligan makes clear, "the available balances of funds in the child nutrition programs' accounts are sufficient to support substantial additional transfers without impairing benefits in those programs during a temporary lapse in appropriations." Doc. No. 9 at 6 ¶ 31. The Defendants do not and cannot explain any infirmity with this analysis. SNAP recipients and Plaintiffs are facing an emergency *now*. USDA's choice to implement a response to this crisis that it knew would cause "substantial chaos"—a prediction that has been fully borne out—cannot be justified by reference to a future budgeting crisis that remains entirely speculative and is unsupported by the evidence.

Indeed, the vital nature of this program is embodied in the mandatory language Congress used when it set forth the Government's obligations to provide these benefits to qualifying households. 7 U.S.C. § 2014(a) ("[a]ssistance under this program shall be furnished to all eligible households."). Congress did not confer discretion on USDA to withhold these benefits when USDA has appropriations available to it and the means to fully pay these benefits. But even if it had, no valid exercise of that discretion could result in months-long delays of essential benefits for needy families out of a concern for speculative and unfounded potential future shortfall of a program.

**B.    Defendants' actions are contrary to law and in violation of the APA.**

Defendants' actions were, and remain, contrary to law.

First, Defendants continue to refuse to make Section 32 funds available, which is contrary to the requirement that SNAP funds be made available. *See* Pls.' Mem. in Supp. of Motion for Temporary Restraining Order, Doc. No. 4 at 12.

Second, Defendants' issuance of revised tables violates the SNAP regulations for implementing a reduction of allotments outlined in 7 C.F.R. § 271.7. In setting forth the procedure by which USDA is to effectuate a reduction when necessary, 7 C.F.R. § 271.7(b) indicates that "allotments shall be reduced by reducing maximum SNAP allotments amounts for each household size by the same percentage." However, 7 C.F.R. § 271.7(b) sets a floor for the reduction of benefits for one- and two-person households, mandating that these households "shall be *guaranteed* the minimum benefit unless the action is a cancellation of benefits, a suspension of benefits, or a reduction of benefits of 90 percent or more of the total amount of benefits projected to be issued in the affected month." *Id.* (emphasis added).[6]

The regulations are also clear that one- or two-member households are not to receive *a* minimum benefit, but rather, *the* minimum benefit, which is designated by law. *See, e.g.*, 7 C.F.R. § 271.7(b); 7 C.F.R. § 271.2 (defining minimum benefit as "the minimum monthly amount of SNAP benefits that one- and two-person households receive. The amount of the minimum benefit shall be determined according to the provisions of § 273.10 of this chapter."); 7 C.F.R. § 273.10(e)(2)(ii)(c) ("The minimum benefit is 8 percent of the maximum allotment for a household of one, rounded to the nearest whole dollar."). Effective as of October 1, 2025, USDA set forth minimum allotments for one- to two-person households in Fiscal Year 2026 at $24 for 48 states and D.C. (which comprises most Plaintiffs) and $41 for Plaintiff Hawaii. USDA, Memorandum on SNAP Fiscal Year 2026 Cost-of-Living Adjustments (Aug. 13, 2025).

---

[6] Section 273.10(e)(2), which delves into the means of determining SNAP household eligibility and benefit levels, further confirms that USDA cannot reduce the minimum benefit for one- and two-member households. This provision outlines narrow circumstances where an individual client would be eligible for benefits under the minimum monthly amount (e.g., prorated benefits for a household newly applying for SNAP benefits) and otherwise reaffirms that the minimum benefit for households with one or two members can be disregarded only in the event that the national reduction in benefits is 90 percent or more of the benefits projected to be issued for the affected month.

Yet despite this clear and mandatory floor, the initial reduction tables set the reduced minimum SNAP allotments for a one- or two-person household for most Plaintiffs to $12, with Plaintiff Hawaii being set to $20. Doc. No. 55-2. USDA unambiguously directed state agencies in their November 4, 2025 memo accompanying the tables to reduce benefits in line with these new minimum allotments, justifying the directive with an unspecified reference to "Federal law[.]" *See* Doc. No. 55-1 ("Please note that in applying the reduction, per Federal law, all one- and two-person households affected by the reduction shall receive the minimum monthly benefit as specified in the revised allotment tables."). The revised reduction tables still include minimum SNAP allotments that do not meet this mandatory floor ($16 for most of the Plaintiffs, and $26 for Plaintiff Hawaii). Doc. No. 65. USDA has reported to the Court that there is a "total of $4.65 billion in the contingency fund for November SNAP benefits that will all be obligated to cover 50% of eligible households' current allotments"—which is far below the 90 percent issuance reduction amount set forth in 7 C.F.R. § 271.7(b) that would no longer guarantee the minimum benefit to one- and two-person households. Supp. Penn Decl., Doc. No. 48-1 at 2 ¶ 5. Accordingly, Defendants reduction plan is contrary to 7 C.F.R. § 271.7.

Adequate relief requires the payment of full benefits for Plaintiffs and they will be irreparably harmed from USDA's usage of the reduction tables. The Defendants cannot simply circumvent their violations by belatedly circulating new reduction tables, which impose more confusion and increased possibility for error. As noted, certain Plaintiffs were already in the process of preparing SNAP benefits based on the initial reduction tables circulated.

As described in Plaintiffs' memorandum in support their TRO motion, USDA is obligated by law to make full payments to SNAP beneficiaries when it is able, and it is able to do so here. The SNAP Act contains mandatory language that "[a]ssistance under this program *shall* be

furnished to all eligible households." 7 U.S.C. § 2014(a) (emphasis added); *see also* 7 U.S.C. §2024(d) (SNAP benefits are "obligations of the United States within the meaning of section 8 of Title 18"); USDA, B-336036, 2025 WL 506899, at *5 (Comp. Gen. Feb. 12, 2025) (SNAP is an "appropriated entitlement, meaning the government is required to make payments to those who meet the program requirements.").

      **C.**    **Adequate relief requires that Plaintiffs be held harmless from any errors that may result from Defendants' arbitrary and capricious process.**

For all the reasons stated herein, this Court should order the Defendants to provide full benefits. Plaintiffs, however, are making efforts to pay partial benefits to ensure residents can have these essential benefits as soon as possible, even while litigation proceeds and USDA comes into compliance with any applicable court orders. Regardless of what the Court rules with respect to USDA's obligation to provide full benefits, the Plaintiffs urge the Court to order that USDA hold Plaintiffs harmless from any and all errors in November 2025, any other month with a partial SNAP payment, and any months immediately following a monthly issuance of partial benefits, and any resulting claims based on the implementation of reduced allotments in November 2025 (and any months under special instructions). Similarly, any errors must be excluded from the yearly performance error measure or rate. USDA must assume total financial liability associated with any errors that occur while the Plaintiffs attempt to provide partial benefits for November 2025 and any other month with a partial SNAP payment, including any demands and actions based upon or arising out of any activities performed by Plaintiffs pertaining to the issuing of these partial issuances.

## CONCLUSION

By providing a procedure for partial payment that fails to provide *any* benefits to millions of SNAP recipients in Plaintiffs for many weeks, the Defendants have failed to cure the irreparable

harms described in Plaintiffs' original motion. *See* Doc. No. 4 at 15-18. At minimum, implementing the reduction tables will delay critical benefits to households that rely on SNAP funding to feed themselves and their families, erode public confidence in the SNAP program, pose operational challenges on Plaintiffs' agencies tasked with administering SNAP benefits, significantly increase the possibility of error rates with potential for harm later, and irreparably harm the provision of other state services. *See id.*

For these reasons, the Court should enter a temporary restraining order that full benefits for November 2025 should be paid on behalf of the Plaintiffs and that Plaintiffs be held harmless for any errors resulting from the issuance of partial benefits.

Dated: November 6, 2025

Respectfully submitted,

ANDREA JOY CAMPBELL
Attorney General of Massachusetts

*/s/ Michelle Pascucci*
MICHELLE PASCUCCI (BBO #690889)
VANESSA ARSLANIAN (BBO #688099)
State Trial Counsel
LIZA HIRSCH (BBO #683273)
Chief, Children's Justice Unit
CASSANDRA THOMSON (BBO #705942)
RAUVIN JOHL (BBO #698719)
PETER WALKINGSHAW (BBO # 692314)
JAK KUNDL (BBO #713951)
Assistant Attorneys General
KATHERINE DIRKS (BBO #673674)
Chief State Trial Counsel
ANNA LUMELSKY (BBO #677708)
Deputy State Solicitor
Office of the Massachusetts Attorney General
1 Ashburton Place Boston, MA 02108
(617) 963-2255
michelle.pascucci@mass.gov
cassandra.thomson@mass.gov
*Attorneys for Plaintiff Commonwealth of Massachusetts*

ROB BONTA
Attorney General of California
PAUL STEIN*
Supervising Deputy Attorney General

*/s/ Maria F. Buxton*
MARIA F. BUXTON*
CHRISTOPHER KISSEL*
LIAM O'CONNOR*
RYAN EASON*
SEBASTIAN BRADY*
WILLIAM BELLAMY
DEPUTY ATTORNEYS GENERAL
*Attorneys for Plaintiff State of California*

KEITH ELLISON
Attorney General of Minnesota

*/s/ Joseph R. Richie*
JOSEPH R. RICHIE*
Special Counsel
445 Minnesota Street, Suite 1400
St. Paul, Minnesota, 55101
(651) 300-0921
joseph.richie@ag.state.mn.us
*Attorneys for Plaintiff State of Minnesota*

KRISTIN MAYES
Attorney General of Arizona

*/s/ Josh. D. Bendor*
JOSHUA D. BENDOR (AZ NO. 031908)*
Solicitor General
HAYLEIGH S. CRAWFORD (AZ NO. 032326)*
Deputy Solicitor General
LUCI D. DAVIS (AZ NO. 035347)*
Senior Litigation Counsel
2005 N. Central Ave. Phoenix, AZ 85004
(602) 542-3333
Joshua.Bendor@azag.gov
Hayleigh.Crawford@azag.gov
Luci.Davis@azag.gov
ACL@azag.gov
*Attorneys for Plaintiff State of Arizona*

| | |
|---|---|
| PHILIP J. WEISER<br>Attorney General of Colorado<br><br>/s/ Tanja E. Wheeler<br>TANJA E. WHEELER*<br>Associate Chief Deputy Attorney General<br>Colorado Department of Law<br>1300 Broadway, 10th Floor<br>Denver, CO 80203<br>Phone: (720) 508-6000<br>Tanja.wheeler@coag.gov<br>*Attorneys for Plaintiff State of Colorado* | WILLIAM TONG<br>Attorney General of Connecticut<br><br>/s/ Patricia E. McCooey<br>PATRICIA E. MCCOOEY*<br>Assistant Attorney General<br>165 Capitol Ave<br>Hartford, CT 06106<br>(860) 808-5020<br>Patricia.McCooey@ct.gov<br>*Attorneys for Plaintiff State of Connecticut* |
| KATHLEEN JENNINGS<br>Attorney General of Delaware<br><br>/s/ Ian R. Liston<br>IAN R. LISTON*<br>Director of Impact Litigation<br>VANESSA L. KASSAB*<br>Deputy Attorney General<br>ROSE E. GIBSON*<br>Assistant Attorney General<br>Delaware Department of Justice<br>820 N. French Street<br>Wilmington, DE 19801<br>(302) 683-8899<br>Ian.Liston@delaware.gov<br>*Attorneys for Plaintiff State of Delaware* | BRIAN L. SCHWALB<br>Attorney General for the District of Columbia<br><br>/s/ Nicole S. Hill<br>NICOLE S. HILL*<br>Assistant Attorney General<br>Office of the Attorney General for the District of Columbia<br>400 Sixth Street, NW<br>Washington, D.C. 20001<br>(202) 727-4171<br>Nicole.hill@dc.gov<br>*Attorneys for Plaintiff District of Columbia* |
| ANNE E. LOPEZ<br>Attorney General of Hawaiʻi<br><br>/s/ Kalikoʻonālani D. Fernandes<br>DAVID D. DAY*<br>Special Assistant to the Attorney General<br>KALIKOʻONĀLANI D. FERNANDES*<br>Solicitor General<br>425 Queen Street<br>Honolulu, HI 96813<br>(808) 586-1360<br>kaliko.d.fernandes@hawaii.gov<br>*Attorneys for Plaintiff State of Hawaiʻi* | KWAME RAOUL<br>Attorney General of Illinois<br><br>/s/ Harpreet K. Khera<br>HARPREET K. KHERA*<br>Bureau Chief, Special Litigation<br>ALICE L. RIECHERS*<br>Assistant Attorney General<br>115 S. LaSalle St., 35th Flr.<br>Chicago, Illinois 60603<br>(773) 590-7127<br>Harpreet.Khera@ilag.gov<br>*Attorneys for Plaintiff State of Illinois* |

| | |
|---|---|
| LAURA KELLY, in her official capacity as Governor of the State of Kansas<br><br>/s/ Justin Whitten<br>JUSTIN WHITTEN*<br>General Counsel<br>ASHLEY STITES-HUBBARD*<br>Deputy Chief Counsel<br>Office of the Kansas Governor<br>300 SW 10th Ave, Room 541-E<br>Topeka, KS 66612<br>(785) 296-3930<br>Justin.h.whitten@ks.gov<br>Ashley.stiteshubbard@ks.gov<br>*Counsel for Governor Laura Kelly* | OFFICE OF THE GOVERNOR *ex rel*. Andy Beshear, in his official capacity as Governor of the Commonwealth of Kentucky<br><br>/s/ S. Travis Mayo<br>S. TRAVIS MAYO*<br>General Counsel<br>TAYLOR PAYNE<br>Chief Deputy General Counsel<br>LAURA C. TIPTON<br>Deputy General Counsel<br>Office of the Governor<br>501 High Street<br>Frankfort, KY 40601<br>(502) 564-2611<br>travis.mayo@ky.gov<br>taylor.payne@ky.gov<br>laurac.tipton@ky.gov<br>*Attorneys for Plaintiff Kentucky Governors' Office* |
| AARON M. FREY<br>Attorney General of Maine<br><br>/s/ Brendan Kreckel<br>BRENDAN KRECKEL*<br>Assistant Attorney General<br>Office of the Attorney General<br>6 State House Station<br>Augusta, ME 0433-0006<br>Tel.: 207-626-8800<br>Fax: 207-287-3145<br>brendan.kreckel@maine.gov<br>*Attorneys for Plaintiff State of Maine* | ANTHONY G. BROWN<br>Attorney General of Maryland<br><br>/s/ James C. Luh<br>JAMES C. LUH*<br>Senior Assistant Attorney General<br>Office of the Attorney General<br>200 Saint Paul Place, 20th Floor<br>Baltimore, Maryland 21202<br>410-576-6411<br>jluh@oag.state.md.us<br>*Attorneys for Plaintiff State of Maryland* |

| | |
|---|---|
| DANA NESSEL<br>Attorney General of Michigan<br><br>/s/ Neil Giovanatti<br>NEIL GIOVANATTI*<br>DANIEL PING*<br>Assistant Attorneys General<br>Michigan Department of Attorney General<br>525 W. Ottawa<br>Lansing, MI 48909<br>(517) 335-7603<br>GiovanattiN@michigan.gov<br>PingD@michigan.gov<br>*Attorneys for Plaintiff State of Michigan* | AARON D. FORD<br>Attorney General of Nevada<br><br>/s/ K. Brunetti Ireland<br>K. BRUNETTI IRELAND*<br>Chief of Special Litigation<br>Office of the Nevada Attorney General<br>1 State of Nevada Way, Ste. 100<br>Las Vegas, NV 89119<br>kireland@ag.nv.gov<br>*Attorneys for Plaintiff State of Nevada* |
| MATTHEW J. PLATKIN<br>Attorney General of New Jersey<br><br>/s/ Kashif T. Chand<br>KASHIF T. CHAND (NJ BAR NO. 016752008)*<br>Assistant Attorney General<br>New Jersey Office of the Attorney General, Division of Law<br>124 Halsey Street, 5th Floor<br>Newark, NJ 07101<br>Tel: (973) 648-2052<br>kashif.chand@law.njoag.gov<br>*Attorneys for Plaintiff State of New Jersey* | RAÚL TORREZ<br>Attorney General of the State of New Mexico<br><br>/s/ Anjana Samant<br>ANJANA SAMANT*<br>Deputy Counsel<br>New Mexico Department of Justice<br>408 Galisteo Street<br>Santa Fe, New Mexico 87501<br>505-270-4332<br>asamant@nmdoj.gov<br>*Attorneys for the State of New Mexico* |
| LETITIA JAMES<br>Attorney General of New York<br><br>/s/ Molly Thomas-Jensen<br>MOLLY THOMAS-JENSEN*<br>Special Counsel<br>MARK LADOV*<br>Special Counsel<br>28 Liberty St.<br>New York, NY 10005<br>(212) 416-8240<br>molly.thomas-jensen@ag.ny.gov<br>Mark.ladov@ag.ny.gov<br>*Attorneys for Plaintiff State of New York* | JEFF JACKSON<br>Attorney General of North Carolina<br><br>LAURA HOWARD<br>Chief Deputy Attorney General<br><br>/s/ Adrian Dellinger<br>ADRIAN DELLINGER*<br>Assistant Attorney General<br>North Carolina Department of Justice<br>PO Box 629<br>Raleigh, NC 27602<br>(919) 716-6813<br>ADellinger@ncdoj.gov<br>*Counsel for State of North Carolina* |

| | |
|---|---|
| DAN RAYFIELD<br>Attorney General of Oregon<br><br>By: /s/ Leanne Hartmann<br>  LEANNE HARTMANN, Mass. BBO<br>  #667852<br>  Senior Assistant Attorney General<br>  Oregon Department of Justice<br>  100 SW Market Street<br>  Portland, OR 97201<br>  Tel (971) 673-1880<br>  Fax (971) 673-5000<br>  Email:<br>  Leanne.Hartmann@doj.oregon.gov<br>*Attorneys for Plaintiff Oregon* | JOSH SHAPIRO, in his official capacity as Governor of the Commonwealth of Pennsylvania<br><br>JENNIFER SELBER<br>General Counsel<br><br>/s/ Jacob B. Boyer<br>JACOB B. BOYER<br>Deputy General Counsel<br>Pennsylvania Office of the Governor<br>30 N. 3rd St., Suite 200<br>Harrisburg, PA 17101<br>(717) 460-6786<br>jacobboyer@pa.gov<br>*Counsel for Governor Josh Shapiro* |
| PETER F. NERONHA<br>Attorney General of Rhode Island<br><br>/s/ Madeline R. Becker<br>MADELINE R. BECKER (RI BAR NO. 10034)*<br>Special Assistant Attorney General<br>150 South Main Street<br>Providence, RI 02903<br>(401) 274-4400, Ext. 2151<br>mbecker@riag.ri.gov<br>*Attorneys for Plaintiff State of Rhode Island* | NICHOLAS W. BROWN<br>Attorney General of Washington<br><br>/s/ William McGinty<br>WILLIAM MCGINTY, WSBA #41868<br>Assistant Attorneys General<br>800 Fifth Avenue, Suite 2000<br>Seattle, WA 98104<br>206-464-7744<br>william.mcginty@atg.wa.gov<br>*Attorneys for Plaintiff State of Washington* |
| JOSHUA L. KAUL<br>Attorney General of Wisconsin<br><br>/s/ Faye B. Hipsman<br>FAYE B. HIPSMAN*<br>Assistant Attorney General<br>Wisconsin Department of Justice<br>Post Office Box 7857<br>Madison, Wisconsin 53707-7857<br>608-264-9487<br>faye.hipsman@wisdoj.gov<br>*Attorneys for Plaintiff State of Wisconsin*<br><br>\* *pro hac vice forthcoming* | CHARITY R. CLARK<br>Attorney General for the State of Vermont<br><br>/s/ Ryan P. Kane<br>RYAN P. KANE<br>Deputy Solicitor General<br>109 State Street<br>Montpelier, VT 05609<br>(802) 828-2153<br>Ryan.kane@vermont.gov<br>*Attorneys for Plaintiff State of Vermont* |

**CERTIFICATE OF SERVICE**

    I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

    /s/ Michelle Pascucci
    Michelle Pascucci (BBO #690889)