# EXHIBIT 4

**DECLARATION OF DR. SHANEEN MOORE**

I, **Dr. Shaneen Moore**, declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, as follows:

1. I am a resident of the State of Minnesota. I am over the age of 18 and understand the obligations of an oath.

**Professional and Agency Background**

2. I am the Assistant Commissioner of the Family Wellbeing administration of the Minnesota Department of Children, Youth, and Families. My educational background includes a Bachelor of Business degree, Master of Business Administration degree, and a Doctor of Philosophy in Public Service and Management. I have been employed as the Assistant Commissioner of the Family Wellbeing administration since July 11, 2024. Prior to my role as Assistant Commissioner, I served as Deputy Assistant Commissioner for the Children and Family Services Administration at the Minnesota Department of Human Services, and as Director and Deputy Director of the Child Support Division. My professional experience in this and similar capacities expands almost 12 years working for state government.

3. I make this declaration based on personal knowledge and on my review of information and records gathered by agency staff.

4. The Minnesota Department of Children, Youth, and Families (DCYF) administers programs that keep children safe and provides families with supports to care for their children. Among the programs administered by DCYF is the Supplemental Nutrition Assistance Program (SNAP), which issues monthly electronic benefits that can be used to purchase food at authorized retail stores.

**USDA Guidance**

5. On November 4, 2025, USDA sent a memorandum to DCYF and other SNAP state agencies directing state agencies on a methodology to reduce benefits for SNAP maximum allotment to 50 percent of the eligible household's current allotment for November 2025. The USDA guidance included revised maximum allotment tables and directed states to comply with procedures outlined in 7 CFR 271.7(d)(1)(ii), which require rounding of benefit levels of $1, $3 and $5 to $2, $4 and $6, respectively.

**Minnesota SNAP System: MAXIS**

6. DCYF uses an in-house case management system called MAXIS to generate benefit files, in addition to many other functions. In addition to being the case management system for SNAP, MAXIS is also the state's case management system for general assistance, Minnesota supplemental aid, refugee cash assistance, diversionary work program, work benefit program, and emergency assistance cash benefits.

7. MAXIS uses coding specific to USDA benefit tables to ensure that benefit calculation is aligned with federal directives. If the USDA makes adjustments to the tables, source code changes must be made within MAXIS. Source code changes are tested and adjusted as needed to ensure that coding accurately produces benefit calculations that align with USDA guidance.

8. DCYF has brought in additional resources with expertise in data architecture and technology project management to explore options outside of MAXIS for more quickly generating issuance files in accordance with the November 4 guidance from USDA. To date, DCYF has not identified any alternatives to re-writing MAXIS coding.

9. The November 4, 2025 USDA guidance represents an entirely new benefit structure that requires re-writing of MAXIS source code and extensive testing to ensure accuracy and avoid improper benefit distribution. DCYF estimates that with all available State resources brought to bear on this process, DCYF will require a minimum of six weeks to reconfigure MAXIS to align with the November 4, 2025 USDA guidance.

10. This means it would be at least six weeks until DCYF could provide issuance files to its vendor and the vendor could begin the process of loading benefits onto the recipients' EBT cards. That is, no Minnesotan would receive SNAP benefits for at least six weeks and likely longer.

11. Given that the USDA guidance is relevant to only November 2025 benefits, DCYF will again require at least six weeks to restore coding and test its validity to revert to pre-federal shutdown USDA benefit tables (i.e. to pay full SNAP benefits).

12. This means there would be another delay of at least six weeks whenever full SNAP benefits are restored before any Minnesotans could receive their SNAP benefits.

13. Moreover, changes to source code are developed over time, even as much as a year. Here, DCYF would be forced to do so on a much quicker basis (on the scale of six weeks) to minimize delays in receiving benefits. This seriously increases the risk of payment error rate increases, which in turn can lead to loss of administrative funding from USDA.

14. To date, DCYF, as an agency, has spent hundreds of staff hours to ensure that DCYF is able to make system adjustments to comply with USDA directives, coordinate with county and Tribal Nation partners, provide proactive and responsive communications to recipients and community partners, and develop and implement responsive anti-hunger measures

to ease the burden experienced by hundreds of thousands of Minnesotans due to the delays in SNAP benefits.

15. DCYF anticipates that the changes required to implement the November 4, 2025 USDA guidance and revised benefit tables and then restore MAXIS to pre-November 4, 2025 guidance (when full benefits resume) will again require hundreds of additional staff hours to address MAXIS adjustment, to comply with USDA directives, coordinate with county and Tribal Nation partners, provide proactive and responsive communications to recipients and community partners, and to continue developing and implementing responsive anti-hunger measures to ease the burden experienced by hundreds of thousands of Minnesotans as the federal shutdown continues.

17. All of this will require DCYF to dedicate numerous information technology professionals, communications and operational resources, and administrative staff to these projects. This in turn will cause DCYF to deprioritize numerous other pressing and important projects, including ongoing management of other DCYF-issued benefits as well as systemic changes to SNAP administration to comply with H.R.1. Running these changes within DCYF's production system will cause significant strain on DCYF's already overburdened infrastructure and interfere with department operations, introducing interruptions to DCYF's ability to determine eligibility for SNAP and continue operating that system for benefits throughout the rest of fiscal year 2026.

18. Late on November 5, 2025, USDA sent another memorandum to DCYF and other SNAP state agencies as a follow up to the guidance shared on November 4, 2025. The November 5, 2025 memorandum revised the methodology to reduce benefits for SNAP maximum allotment that the state agencies had been directed to implement in the November 4, 2025 memorandum,

revising the reduction from 50 percent of the eligible household's current allotment to 35 percent. In this memorandum, USDA stated that its November 5, 2025 guidance was effective immediately. The percentage change in reduction notwithstanding, the guidance from USDA set forth in the November 5, 2025 memorandum presents exactly the same operational difficulties for DCYF as detailed on paragraphs 5 to 17 of this declaration.

**DCYF Is Capable of Near-Immediate Implementation of Straight Percentage Reductions or Full Benefits in November**

19. Comparatively, DCYF has and is ready to immediately deploy, a straight percentage-based reduction to SNAP recipients if directed to do so by the USDA. DCYF has the ability to do a straightforward percentage reduction because such a reduction can be done outside of MAXIS and deployed at the issuance report level.

20. Similarly, DCYF has and is ready to immediately deploy restoration of full November benefits if directed to do so by the USDA.

21. Implementing either straight percentage-based or full November benefits will take minimal staff hours and will have benefits in the hands of Minnesotans in days, rather than the weeks projected to implement and have benefits in the hands of recipients under the November 4, 2025 USDA guidance.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed this __6__ day of November 2025, in Saint Paul, Minnesota.

*[signature: Dr. Shaneen Moore]*

_____
Dr. Shaneen Moore
Assistant Commissioner, Family Wellbeing Administration
Minnesota Department of Children, Youth, and Families