IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| COMMONWEALTH OF MASSACHUSETTS, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES DEPARTMENT OF AGRICULTURE, *et al.*, <br><br> Defendants. | No. 1:25-cv-13165 |

**DEFENDANTS' RESPONSE TO PLAINTIFFS' NOTICE**

Defendants respectfully submit the following response, drafted as quickly as possible, to Plaintiffs' notice. In sum, Defendants just ask that the Plaintiff States send a submission to the technical USDA system that matches a 65% maximum allotment value. In order for USDA's system to allocate the contingency fund amount associated with the 65% level to each States' letter of credit, States must submit something that accords with that amount. As counsel attempted to explain in his late-night communication with Plaintiffs, this will ensure the State can access its full share of the contingency fund and does not affect the level of benefits that appear on an individual's card. The full details are below.

1. Defendants are not seeking to bar any States from access to partial benefits. Defendants are trying to get the system to recognize Plaintiffs' share of the contingency fund. Because the system cannot accept a submission that exceeds the funds apportioned in the system for purposes of the letters of credit, the system has rejected States sending issuance files at 100% of the maximum allotment. The system was and is configured to accept a submission up to the value of the 65% maximum allotment level, which would provide States with a letter of credit reflecting their entire share of the contingency fund.

2. For the USDA system to recognize this, States just need to submit a 65 percent maximum allotment value into the system. As presently structured, States get access to that money through an updated letter of credit. <u>USDA cannot manually update a State's letter of credit</u>. For this to work, States must submit issuance files that together reach no more than the 65% maximum allotment amount for the system to update the letter of credit.

3. Defendants' counsel attempted to inform Plaintiffs of this in an after-hours email exchange attached to Plaintiffs' filing. Some of the States originally referenced by Plaintiffs have done exactly what Defendants requested. It is unclear to Defendants why any Plaintiff State could not do the same. Defendants are standing by if Plaintiffs identify any technical or other issue.

4. <u>None of the above will affect the benefits that appear on an individual's card</u>. This solely affects the total amount on a State's letter of credit and ensures that the State has the full amount of the contingency fund allocated to that State for its letter of credit. So USDA is not

1

seeking, in effect or otherwise, to undo any actions of the States through this submission request. It is just seeking for the States to take the affirmative action necessary to update the letter of credit to the contingency fund level.

5. If what Plaintiffs are suggesting is that USDA take new action to fully fund States beyond the contingency fund, we do not understand that to be covered by the Court's order. And as explained above, all USDA is asking is that States send a submission such that the system can allocate the contingency funds set aside for each State.

6. In sum, Plaintiffs need to submit the value of the 65% maximum allotment to access the contingency funds set aside for them. Several States who transmitted full issuance files at one point have done so, such as Washington. That State's letter of credit was accordingly updated by USDA's system.

7. Defendants note that the USDA system runs on a Department of Treasury platform that does not function on Federal holidays. Defendants are presently investigating if there is any way to have the platform process today upon successful submission by a Plaintiff State.

Dated: November 11, 2025          Respectfully submitted,

STANLEY WOODWARD, Jr.
Associate Attorney General

BRETT A. SHUMATE
Assistant Attorney General

YAAKOV M. ROTH
Principal Deputy Assistant Attorney General

TYLER BECKER
Counsel to the Assistant Attorney General

JOSEPH E. BORSON
Assistant Branch Director
Federal Programs Branch

*/s/ Jason Altabet*
JASON ALTABET (Md. Bar No. 2211280012)

2

Trial Attorney, U.S. Department of Justice
Tel.: (202) 305-0727
Email: jason.k.altabet2@usdoj.gov
1100 L Street, N.W. 20005
Washington, D.C. 20005

*Attorneys for the United States*

Case 1:25-cv-13165-IT    Document 95    Filed 11/11/25    Page 4 of 5

## CERTIFICATE OF SERVICE

On November 11, 2025, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court for the District of Massachusetts, using the electronic case filing system of the court. I hereby certify that I have served all parties electronically or by another manner authorized by Fed. R. Civ. P. 5(b)(2).

*/s/ Jason Altabet*
Trial Attorney