UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

COMMONWEALTH OF                    *
MASSACHUSETTS, ET AL.,             *
                                   *
        Plaintiffs,                *
                                   *          Civil Action No. 1:25-cv-13165-IT
                                   *
        v.                         *
                                   *
UNITED STATES DEPARTMENT OF        *
AGRICULTURE, ET AL.,               *
                                   *
        Defendants.                *

MEMORANDUM AND ORDER GRANTING IN PART
PLAINTIFFS' MOTIONS FOR A
TEMPORARY RESTRAINING ORDER

November 12, 2025

TALWANI, D.J.

Pending before the court are Plaintiffs' Motion for Temporary Restraining Order [Doc.

No. 3], as amended, see Pls.' Reply ISO Mot. for Temporary Restraining Order ("TRO") ("Pls.'

Reply") [Doc. No. 68]; Elec. Order [Doc. No. 70], and Plaintiffs' Further Motion for a

Temporary Restraining Order [Doc. No. 80]. For the reasons stated below, the court GRANTS a

temporary restraining order staying enforcement against the states for following the United

States Department of Agriculture's ("USDA") conflicting Notices to State Agencies dated

October 10, October 24, November 4, November 5, and November 8, 2025, regarding

Supplemental Nutrition Assistance Program ("SNAP") benefits for November 2025.[1] The court

---

[1] The SNAP program is detailed in the court's Memorandum & Order [Doc. No. 26], which is incorporated in full herein by reference.

further orders USDA to release to SNAP/EBT processing vendors by 12:00 p.m., November 13, 2025, at minimum the SNAP Contingency Funds that the USDA previously assured the court were being released. This order does not limit the USDA from exercising its discretion and releasing 100% SNAP funding by that date and time.

## I.    BACKGROUND

### A.    The USDA's September 30, 2025 Lapse in Funding Plan and October 1, 2025 Letter to State Agencies

Because Congress did not pass a regular appropriations bill for Fiscal Year 2026, SNAP's funding lapsed on October 1, 2025. Penn Decl. ¶ 15 [Doc. No. 17]; Pascucci Decl., Ex. 1 ("October 1 Letter") [Doc. No. 7-2]. In anticipation of a potential lapse, the USDA published a "Lapse in Funding Plan" on September 30, 2025, in which it affirmed that SNAP operation should continue in the event of a government shutdown and that "multi-year contingency funds" (hereafter, the "Contingency Funds") previously appropriated by Congress could be used to fund SNAP benefits if needed. Smalligan Decl., Ex. L ("September 30 USDA Lapse of Funding Plan") at 16 [Doc. No. 9-12]. On October 1, the USDA sent a letter to the States affirming that USDA would continue to fund benefits due in October 2025 and that "States should continue to administer the program in accordance with Federal statutes and regulations." October 1 Letter [Doc. No. 7-2].

### B.    The USDA's October 10 and October 24, 2025 Lapse Letters to State Agencies

On October 10, the USDA sent a second letter to States' SNAP agencies (the "October 10 Letter"), in which the USDA warned that "if the current lapse in appropriations continues, there will be insufficient funds to pay full November SNAP benefits for approximately 42 million individuals across the Nation." Pascucci Decl., Ex. 2 [Doc. No. 7-3]. The USDA therefore "direct[ed] States to hold their November issuance files and delay transmission to State EBT

vendors until further notice." Id. On October 24, the USDA announced it was "suspending all November 2025 benefit allotments until such time as sufficient federal funding is provided, or until [Food and Nutrition Service ("FNS"), a component of the USDA] directs State agencies otherwise." Pascucci Decl., Ex. 3, at 1 ("October 24 Letter") [Doc. No. 7-4] (emphasis added). The letter directed States to "take immediate action to implement this suspension." Id. Also on October 24, the USDA circulated a memorandum to the States asserting that the contingency fund could not be used to fund November 2025 benefits. Pascucci Decl., Ex. 4 ("Memo on 'Impact of the Government Lapse' on November SNAP Benefits") [Doc. No. 7-5]. The memorandum contended that the Contingency Funds were "only available to supplement regular monthly benefits when amounts have been appropriated for . . . benefits." Id. Therefore, according to the USDA, "[t]he contingency fund is not available to support FY 2026 regular benefits" because "the appropriation for regular benefits no longer exists." Id.

### C. Plaintiffs Initiate this Action and a Second Action is Filed in the District of Rhode Island

On October 28, 2025, Plaintiffs, twenty-five States and Governors and the District of Columbia, filed this action under the Administrative Procedure Act, 5 U.S.C. § 706(2)(A) and (C), alleging, inter alia, that the USDA's suspension of SNAP funding for November 2025 is contrary to law, arbitrary and capricious, and an abuse of discretion. Compl. ¶¶ 6, 198 [Doc. No. 1]. Also on October 28, Plaintiffs filed a Motion for a Temporary Restraining Order [Doc No. 3] seeking to enjoin the November 1 suspension of SNAP benefits. The following day, Defendants filed their Opposition [Doc. No. 18] arguing that USDA was statutorily prohibited from funding SNAP while the government shutdown is ongoing. Id. at 11. Defendants argued further that the Plaintiffs lacked standing to bring this suit because State entities may not invoke harms to their

3

citizens as a basis for standing and because the States lacked any injuries to themselves. Id. at 8–11.

At an emergency hearing on October 30, 2025, Defendants' counsel argued that the States did not have standing but conceded that the actual SNAP beneficiaries who alleged that they were losing benefits would have standing to challenge the suspension of SNAP benefits. Hr'g Tr. 7:14–18 [Doc. No. 38]. The court asked Defendants' counsel, if the court concluded that Plaintiffs had standing and found Plaintiffs to be correct on the merits, whether any relief would be applied to all States or only the parties to the case, and Defendants' counsel responded that if the court were to vacate the suspension of SNAP benefits, "it would have to be by operation of the statute and regulation, not by operation of the injunction. It would have to be nationwide." Id. at 25:2–9 (emphasis added).

That same day, different plaintiffs, including church organizations, nonprofits, and labor unions, all representing SNAP recipients, brought a separate suit before the United States District Court for the District of Rhode Island (hereafter, the "D.R.I. District Court") making that direct challenge. See Complaint, Rhode Island State Council of Churches, et al. v. Rollins, et al., No. 25-cv-00569 (D.R.I. Oct. 30, 2025).

### D.  This Court's October 31, 2025 Order

On October 31, 2025, this court found that Plaintiffs have standing to bring this action given that a suspension of SNAP benefits would result in "major operational disruptions and administrative burdens across [State] agencies" and "fiscal and operational harm to state programs that will be overwhelmed by residents lacking essential SNAP benefits." Mem. & Order 6 [Doc. No. 26] (quoting Pls.' Mem. ISO Mot. for TRO 9 [Doc. No. 4]). The court found that these harms are ones that will be directly experienced by the States. Mem. & Order 6 [Doc. No. 26].

The court found further that Defendants' suspension of SNAP benefits, and Defendants' conclusion that USDA is statutorily prohibited from using the Contingency Funds, rested on an erroneous construction of the relevant statutory provisions. Id. at 13.

The court accordingly directed Defendants that no later than Monday, November 3, 2025, Defendants were required to report whether they would authorize at least SNAP benefits for November using the Contingency Funds. Id. at 15. The court directed Defendants to report further whether they would exercise their discretion to authorize additional available funds to make full SNAP benefits available. Id.

### E.  The District of Rhode Island Issues a Temporary Restraining Order

Also on October 31, 2025, the D.R.I. District Court granted a temporary restraining order (the "D.R.I. October 31 TRO"). The D.R.I. District Court's written order issued on November 1 ordered the government to utilize the Contingency Funds to pay SNAP benefits. Order ¶ 1, Rhode Island State Council of Churches, et al. v. Rollins, et al., No. 25-cv-00569 (D.R.I. Oct. 30, 2025). The D.R.I. District Court ordered further that, should Defendants choose not to make full payments, Defendants were required to distribute partial payments utilizing the Contingency Funds no later than November 5. Id. ¶ 5.

### F.  Defendants' November 3, 2025 Response

On November 3, 2025, Defendants notified this court that "USDA is making all of the Contingency Funds available to the States for a partial payment" and "will fulfill its obligation to expend the full amount of SNAP contingency funds today by generating the table required for States to calculate the benefits available for each eligible household in that State." Defs.' Resp. to Court Order 1 [Doc. No. 48] (citations omitted). USDA, Defendants noted, "will therefore have made the necessary funds available and have authorized the States to begin disbursements once the table is issued." Id.; see also Supp. Penn Decl. ¶ 3 [Doc. No. 48-1] (confirming that

5

"[p]er orders issued by [this court and the D.R.I. District Court], FNS intends to deplete SNAP contingency funds completely[.]"). Defendants did not dispute that USDA was required to make all the SNAP Contingency Funds available by November 5 for November SNAP payments.

Defendants reported further that "USDA has chosen not . . . to fully fund this month's SNAP benefits." Defs.' Resp. to Court Order 1 [Doc. No. 48]; <u>see also</u> Supp. Penn Decl. ¶¶ 7–23 [Doc. No. 48-1] (acknowledging USDA's discretion to utilize Section 32 Funds to avoid reduced SNAP benefits and providing USDA's explanation for not using those funds).

### G. Defendants' November 4, 2025 Notice

On November 4, 2025, Defendants advised the court that the USDA had "notified the States of the reduction and generated the table required for States to calculate the benefits available" from the Contingency Fund for each eligible household in that State, and that "this action completes USDA's direct, immediate steps necessary to deplete the full amount of SNAP contingency fund." Defs.' Notice 1 [Doc. No. 55]. Attached to the filing was a USDA Notice to Regional SNAP Directors and SNAP State Agency Directors, dated November 4, 2025 (the "November 4 Letter"), following up on the October 2025 guidance suspending SNAP benefits. November 4 Letter 1 [Doc. No. 55-1]. The November 4 Letter announced that FNS "is reducing SNAP maximum allotments to 50 percent of the eligible household's current allotment for November 2025" and provided "revised maximum allotment tables." <u>Id.</u> The guidance asserted that this reduction was "in accordance with 7 C.F.R. 271.7" and that the "reduction is effective November 1, 2025." <u>Id.</u> The guidance provided further that "State agencies must take immediate action to implement this reduction as specified in this memorandum and in accordance with 7 CFR 271.7" and that "in applying the reduction, per Federal law, all one- and two- person households affected by the reduction shall receive the minimum monthly benefit as specified in the revised allotment tables." <u>Id.</u>

### H.  Defendants' November 5, 2025 Notice

On the evening of November 5, 2025, Defendants notified the court that "[a]fter further calculations, USDA has issued updated guidance and tables to the States." Defs.' Second Notice 1 [Doc. No. 65].[2] According to the Second Supplemental Penn Declaration [Doc. No. 65-1], after further analysis, USDA "determined that the maximum allotments need only be reduced by 35%, instead of 50%, to deplete the SNAP contingency fund[.]" Second Supp. Penn Decl. ¶ 3 [Doc. No. 65-1]. The attached notice (the "November 5 Letter") to the States provided that "the maximum allotments for November 2025 will be 65 percent of the typical maximum allotments." REVISED Supplemental Nutrition Assistance Program (SNAP) Benefit and Administrative Expense Update for November 2025 (Nov. 5, 2025) [Doc. No. 65-1].

### I.  Plaintiffs Seek Further Relief

On November 6, 2025, Plaintiffs filed their Reply in Support of Their Motion for a Temporary Restraining Order [Doc. No. 68]. In that Reply, Plaintiffs requested that their filing "be converted to an amended motion for a temporary restraining order" to the extent the court viewed it as seeking relief beyond that originally requested. Pls.' Reply 1 n.1 [Doc. No. 68]. Treating it as such, the court sought and obtained a further opposition from Defendants. Elec. Order [Doc. No. 70]; See also Defs.' Opp'n to Renewed Mot. [Doc. No. 77].

### J.  The D.R.I. District Court's November 6, 2025 Orders

Also on November 6, 2025, the D.R.I. District Court entered two orders requiring Defendants to facilitate full payment of November 2025 SNAP benefits no later than November 7, 2025. See Rhode Island State Council of Churches, et al. v. Rollins, et al., 2025 WL 3111213,

---

[2] Plaintiffs report that the updated guidance was provided at approximately 9:00 p.m. Pls.' Reply 3 [Doc. No. 68].

at *11 (D.R.I. Nov. 6, 2025). In the first order (the "First November 6 Order), the D.R.I. District Court found that the government had failed to comply with the October 31 TRO. Id. at *6. In the second (the "Second November 6 Order"), which the plaintiffs there requested in the alternative, the D.R.I. District Court found that the government's decision not to make full SNAP payments was likely arbitrary and capricious. Id. at *11. The D.R.I. District Court denied Defendants' request for a stay pending appeal. See Minute Entry for Nov. 6, 2025 Mot. Hr'g, Rhode Island State Council of Churches, et al. v. Rollins, et al. (D.R.I. Nov. 6, 2025).

Defendants noticed their appeal that same evening, and on the morning of November 7, 2025, sought in the U.S. Court of Appeals for the First Circuit both a stay of the D.R.I. District Court orders pending appeal and an administrative stay. See Rhode Island State Council of Churches, et al. v. Rollins, et al., 2025 WL 3124189 at *1-2 (1st Cir. Nov. 7, 2025).

### K. Defendants' November 7, 2025 Notice

On Friday, November 7, 2025, USDA notified the State agencies that

> FNS is working towards implementing November 2025 full benefit issuances in compliance with the November 6, 2025, order from the District Court of Rhode Island. Later today, FNS will complete the processes necessary to make funds available to support your subsequent transmittal of full issuance files to your EBT processor.
>
> We will keep you as up to date as possible on any future developments and appreciate your continued partnership to serve program beneficiaries across the country. State agencies with questions should contact their FNS Regional Office representative.

Pls.' Notice of Supp. Facts, Ex. 1 (the "November 7 Letter") [Doc. No. 75-1].[3] Nothing in the November 7 Letter suggested that the D.R.I. District Court's November 6 Temporary

---

[3] The November 7 Letter states that it was digitally signed at 12:25 p.m. See id.; see also Pls.' Notice of Supp. Facts ¶ 3 [Doc. No. 75] (stating that the November 7 Letter was issued on Friday afternoon).

Restraining Orders applied to Rhode Island only. The November 7 Letter also made no mention of Defendants' appeal of the D.R.I. District Court's Orders, or any mention of Defendants' requests to stay those Orders.

**L. Further Developments on November 7, 2025, in the First Circuit and Supreme Court**

At 6:08 p.m. on Friday, November 7, 2025, the First Circuit denied an administrative stay, stating that the First Circuit intends to issue a decision on the Defendants' motion to stay pending appeal "as quickly as possible." Rhode Island State Council of Churches, et al. v. Rollins, et al., 2025 WL 3124189, at *1 (1st Cir. Nov. 7, 2025).

Later that evening, Associate Supreme Court Justice Jackson granted the administrative stay of the orders of the District of Rhode Island, with that order set to expire forty-eight hours after the First Circuit's resolution of the motion to stay pending appeal. Brooke Rollins, Sec'y of Agric., et al., Applicants v. Rhode Island State Council of Churches, et al., No. 25A539 (Nov. 7, 2025), 2025 WL 3124183, at *1.

USDA still did not notify the States of the pending appeal or the grant of a stay or otherwise amend the November 7 Letter's statement that "[l]ater today, FNS will complete the processes necessary to make funds available to support your subsequent transmittal of full issuance files to your EBT processor." November 7 Letter [Doc. No. 75-1].

**M. States Report on Further Steps Taken Following the R.I. District Court's Order and the November 7 Letter**

On Saturday morning, November 8, 2025, Plaintiffs notified this court that many States began taking steps in accordance with the D.R.I District Court's orders and USDA's November 7, 2025 guidance. Pls.' Notice of Supp. Facts ¶ 4 [Doc. No. 75].

On Saturday evening, Plaintiffs filed another notice, explaining that they had received further direction from FNS not to fund full SNAP benefits. They reported that:

9

For instance, in Wisconsin, shortly following the District of Rhode Island's November 6 order, and following USDA's notice of appeal to the First Circuit—but prior to the filing of a request to stay proceedings—the Wisconsin Department of Health Services (DHS) submitted the full November benefits file to its vendor. The vendor then engaged in its normal processing steps, and full benefits were activated on EBT cards for Wisconsin beneficiaries at 12:01 am Central Time on November 7. Wisconsin SNAP recipients have since been able to use their EBT cards to purchase food at participating retailers. At approximately 4:30 am Central Time on November 7, however, the United States Treasury denied the transaction to authorize payment of full benefits in Wisconsin. As a result of the denial, the Treasury did not increase the Letter of Credit (LOC) on behalf of Wisconsin's benefits payments, as it normally would. The federal government's denial of authorization for these funds occurred despite the active court order and prior to the filing of any request from USDA for a stay of said order.

. . . Without immediate action, Wisconsin DHS will likely exceed its LOC on Monday, November 10. Some States have likewise heard from their vendors that the LOC from the government to the vendors—like Wisconsin's letter—is only extended for partial benefits, despite the fact that States began to process full benefits in reliance on the court order and, later, many on USDA's representations in its November 7 notice.

Pls.' Notice of Related Filing, Ex. A ("Letter Supp. to Amicus Br. of States and Governors") 2 [Doc. No. 78-1].

### N.  USDA's Further Action on November 8 and 9, 2025

Later in the evening of November 8, 2025, approximately 24 hours after the Supreme Court granted the administrative stay, USDA issued another letter (the "November 8 Letter") as "a follow up to the guidance shared on October 10, October 24, November 4, November 5, and November 7, 2025[.]" Third Notice to Court, Attach. 1 ("Defs.' First Circuit Notice") at 4 [Doc. No. 79-1].[4] The letter explained that the U.S. Supreme Court had granted an administrative stay of the D.R.I District Court's November 6 orders and directed that

> [p]ending any explicit direction to the contrary from Food and Nutrition Service (FNS), States must not transmit full benefit issuance files to EBT processors. Instead, States must continue to process and load the partial issuance files that reflect the 35 percent reduction of maximum allotments detailed in the November 5 guidance.

---

[4] According to the November 8 letter, it was digitally signed at 9:42 p.m. Id. at 2.

<u>Id.</u> The notice stated further that

> [t]o the extent States sent full SNAP payment files for November 2025, this was unauthorized. Accordingly, States must immediately undo any steps taken to issue full SNAP benefits for November 2025. Please advise the appropriate FNS Regional Office representative of steps taken to correct any actions taken that do not comply with this memorandum.
>
> Per 7 CFR 271.7(h), failure to comply with this memorandum may result in USDA taking various actions, including cancellation of the Federal share of State administrative costs and holding States liable for any overissuances that result from the noncompliance.

<u>Id.</u>

On Sunday morning, November 9, 2025, Defendants wrote to the First Circuit, asserting that the States' submission of payment files for November benefits during the period between the D.R.I. District Court's decision and the issuance of the stay "was unauthorized," in part because "[t]he States were not parties to the Rhode Island injunction." Defs.' First Circuit Notice at 1 [Doc. No. 79-1].

### O. The First Circuit Denies a Stay Pending Appeal of the D.R.I. District Court's First Temporary Restraining Order

At 11:54 p.m. on Sunday night, the First Circuit denied Defendants' request to stay the D.R.I. District Court's First Temporary Restraining Order pending appeal. <u>Rhode Island State Council of Churches v. Rollins</u>, 2025 WL 3135862 (1st Cir. Nov. 9, 2025).

The First Circuit explained that the government requested that the court "stay two orders entered by the district court on November 6: the enforcement order and the second TRO." <u>Id.</u> at *5. The Court noted that the government had not challenged the D.R.I. District Court's October 31 TRO and concluded that the government had "fail[ed] to meaningfully challenge the district court's determination that it failed to comply with the October 31 TRO." <u>Id.</u> at *3, *8.

11

Considering all the stay factors, the First Circuit denied the government's stay request as to the order granting the motion to enforce based on noncompliance with the October TRO. Id. at *10.[5]

Per Justice Jackson's earlier order, the administrative stay of the temporary restraining order was set to expire 48 hours from the issuance of the First Circuit's denial of the stay request. That deadline has since been extended to November 13, 2025, at 11:59 p.m., Brooke Rollins, Sec'y of Agric., et al., Applicants v. Rhode Island State Council of Churches, et al., No. 25A539 (Nov. 11, 2025), 2025 WL 3145875, and the government has continued to press there for a further stay. Supp. Brief for Applicants at 2, Brooke Rollins, Sec'y of Agric., et al., Applicants v. Rhode Island State Council of Churches, et al., No. 25A539 (U.S. Nov. 10, 2025).

### P. This Court's Order Staying the November 8, 2025 Letter

On November 10, 2025, this court entered a temporary restraining order staying USDA's November 8, 2025 directive that "[t]o the extent States sent full SNAP payment files for November 2025," they "must immediately undo any steps taken to issue full SNAP benefits for November 2025" and shall "advise the appropriate FNS Regional Office representative of steps taken to correct any actions taken that do not comply with this memorandum[.]" Elec. Order [Doc. No. 83] (quoting Defs.' First Circuit Notice at 4 [Doc. No. 79-1].).

## II.    DISCUSSION

### A. Plaintiffs Seek an Order Compelling Full Payments of SNAP Benefits

In their Reply in Support of Their Motion for a Temporary Restraining Order [Doc. No. 68], Plaintiffs assert that Defendants' conduct in refusing to issue full benefits was arbitrary and

---

[5] The First Circuit did not address the motion to stay the second TRO on the merits, where the order "granted the same relief as the enforcement order[.]" Rhode Island State Council of Churches v. Rollins, 2025 WL 3135862, at *10 (1st Cir. Nov. 9, 2025). And the Court administratively stayed the second TRO only "so long as the enforcement order remains in full force and effect." Id.

capricious where USDA was aware, at the time that it made that decision, that providing only partial benefits would result in essential benefits being delayed for weeks or months for millions of SNAP recipients. Pls.' Reply 4 [Doc. No. 68] (citing Defs.' Opp'n to First Mot. for TRO 15 [Doc. No. 18] (stating that requiring the states to implement a partial benefits process would likely result in "substantial chaos")); Id. (citing Supp. Penn Decl. ¶ 24 [Doc. No. 48-1] (reiterating USDA's "understanding" that authorizing only partial payment rather than full payment would cause delays in benefit distributions "anywhere from a few weeks to up to several months")).

Defendants responded on November 8, 2025, that this issue is pending in appellate and Supreme Court proceedings, and that "[c]onsidering the parallel appellate and Supreme Court proceedings of a nearly identical case, and to avoid conflicting rulings that could cause even more administrative complications for USDA and the States alike, this Court should hold in abeyance questions on further November benefits disbursements pending further rulings." Defs.' Opp'n to Renewed Mot. 1–2 [Doc. No. 77]. At a hearing before this court on November 10, 2025, Defendants also pointed to the First Circuit's granting of a stay of the D.R.I. Second TRO.

The court does not find the First Circuit's decision staying the Second TRO to suggest anything as to the merits of the government's appeal where that Second TRO was requested by plaintiffs in the alternative, the grant of the stay was without any discussions on the merits, and the stay is in place only so long as the First TRO is operative. Rhode Island State Council of Churches v. Rollins, 2025 WL 3135862, at *10 (1st Cir. Nov. 9, 2025). Nonetheless, in light of the stay of the First TRO directing payment of the full SNAP benefits, and the related proceedings in the First Circuit and the Supreme Court, the court agrees that questions as to

disbursements of amounts <u>in addition to</u> the SNAP Contingency Fund should be held in abeyance.[6]

### B. Requests Relating to Partial Payments of SNAP Benefits

#### 1. Plaintiffs' Request for Indemnification as to Partial Payments

In a request filed prior to the D.R.I. District Court's November 6 Orders, Plaintiffs argued that adequate relief requires that "USDA hold Plaintiffs harmless from any and all errors in November 2025, any other month with a partial SNAP payment, and any months immediately following a monthly issuance of partial benefits, and any resulting claims based on the implementation of reduced allotments in November 2025 (and any months under special instructions)." Pls.' Reply 9 [Doc. No. 68]. In response, Defendants have primarily argued that Plaintiffs have provided no authority for an ad hoc judicial indemnification. Defs.' Opp'n 3 [Doc. No. 77]. The USDA's November 8 Letter also directs that States "must continue to process and load the partial issuance files that reflect the 35 percent reduction of maximum allotments detailed in the November 5 guidance." Defs.' First Circuit Notice at 4 [Doc. No. 79-1].

Although Plaintiffs have not provided authority for the court to order "indemnification," it is clearly within this court's authority to determine whether Defendants' directives to Plaintiffs were contrary to law. The court finds that they were. Defendants' October Letters and their subsequent mistakes in November have repeatedly shifted the goalposts for States, each time

---

[6] The court notes that despite having previously represented to this court that an order vacating the suspension of SNAP benefits "would have to be nationwide," Defendants advised the First Circuit that it was Defendants' position that the States could not rely on the District of Rhode Island court decision because they were not parties to that action. Defs.' First Circuit Notice 1 [Doc. No. 79-1]. Although this litigation posture counsels against holding consideration of the full payments in abeyance, Defendants' counsel acknowledged at the November 10, 2025 hearing that the D.R.I. District Court had "ordered the government to pay the States" and counsel did not repeat USDA's suggestion that this was limited to States with some connection to the Rhode Island litigation.

requiring States to rely on incorrect information not in accordance with the law.  As such, they may not be enforced against the States.

First, Defendants issued Letters on October 10 and October 24, 2025 stating that <u>no</u> November SNAP benefits would be available during the shutdown. October 10 Letter [Doc. No. 7-3]; October 24 Letter [Doc. No. 7-4]. As this court previously explained, Defendants' suspension of SNAP benefits rested on an erroneous construction of the relevant statutory provisions. Mem. & Order 13 [Doc. No. 26]. The court explained that "Congress appropriated $6 billion to SNAP in 2024 as a contingency reserve through 2026, 'to be used in such amounts and at such times as may become necessary to carry out program operations.'" <u>Id.</u> (quoting Pub. L. No. 118-42, §6, 138 Stat. 25, 93–94 (2024)). The court concluded that "[w]here there are at present no new appropriations for fiscal year 2026, this contingency reserve, which Congress specifically appropriated for use when funding is 'necessary to carry out program operations,' is available to the USDA and must be deployed to fund SNAP benefits." <u>Id.</u> Defendants have not challenged these conclusions.

Second, Defendants have conceded that the November 4 directive regarding 50% partial SNAP payments was erroneous on its face. Second Supp. Penn Decl. ¶¶ 2-3 [Doc. No. 65-1]. Notably, USDA has never provided any basis for setting the Contingency Fund payments at 50%, a figure that appears to have been pulled out of thin air.

Third, the November 5 letter establishing that the maximum allotments for November will be 65% of the typical maximum allotments, fails to comply with the SNAP regulations as to minimum payments that must be made despite a reduction. <u>See</u> REVISED Supplemental Nutrition Assistance Program (SNAP) Benefit and Administrative Expense Update for November 2025 (Nov. 5, 2025) [Doc. No. 65-1]. In response to Plaintiffs' contention that the

USDA's calculations are incorrect, Defendants claim that Plaintiffs' argument is based on a misreading of the regulations. Defs.' Response 9 [Doc. No. 77]. Further, at the November 10 hearing Defendants argued that, given the diverging interpretations of the regulation by the two parties, the court should defer to USDA's interpretation of the regulation, citing <u>Kisor v. Wilkie</u>, 588 U.S. 558 (2019). Yet, as the Supreme Court noted in <u>Kisor</u>, "the possibility of deference can arise only if a regulation is genuinely ambiguous." <u>Id.</u> at 573. The regulations at issue here are not ambiguous in this regard.

Under 7 C.F.R. § 273.10, SNAP benefits are generally equal to "the maximum SNAP allotment for the household's size reduced by 30 percent of the household's net monthly income[,]" 7 C.F.R. § 273.10(e)(2)(ii)(A), with "minimum monthly allotments" for eligible one-person and two-person households "equal to the minimum benefit[,]" <u>id.</u> § 273.10(e)(2)(ii)(C). "Maximum SNAP allotment" levels are calculated based on 100% of the cost of the Thrifty Food Plan (7 C.F.R § 271.2), are adjusted annually, and by regulation, must be posted on the FNS website. 7 C.F.R. § 273.10(e)(4). "Minimum benefit" is defined to "mean[] the minimum monthly amount of SNAP benefits that one- and two-person households receive. The amount of the minimum benefit shall be determined according to the provisions of § 273.10 of this chapter." 7 C.F.R. § 271.2. Section 273.10, in turn, defines "[t]he minimum benefit" as "8 percent of the maximum allotment for a household of one, rounded to the nearest whole dollar." 7 C.F.R. § 273.10(e)(2)(ii)(C). Effective October 1, 2025, USDA set forth minimum allotments for one- to two-person households in Fiscal Year 2026 at $24 for 48 States and D.C. and $41 for Hawaii. <u>See</u> Pls.' Reply 7 [Doc. No. 68] (citing USDA, Memorandum on SNAP Fiscal Year 2026 Cost-of-Living Adjustments (Aug. 13, 2025)).

When a reduction must be effectuated, 7 C.F.R. § 271.7 provides that "[i]f a reduction in allotments is deemed necessary, allotments shall be reduced by reducing maximum SNAP allotments amounts for each household size by the same percentage." 7 C.F.R. § 271.7(b); see also id. § 273.10(vi)(A) ("[i]f a benefit reduction is ordered, State agencies shall reduce the maximum SNAP allotment amounts for each household size by the percentage ordered in the Department's notice on benefit reductions. State agencies shall multiply the maximum SNAP allotment amounts by the percentage specified in the FNS notice . . . . In calculating benefit levels for eligible households, State agencies would follow the procedures detailed in paragraph (e)(2)(ii) of this section and substitute the reduced maximum SNAP allotment amounts for the normal maximum SNAP allotment amounts.").

Section 271.7(b) also sets a floor for the reduction of benefits for one- and two-person households, requiring that these households "shall be guaranteed the minimum benefit" except under certain circumstances not relevant here. 7 C.F.R. § 271.7(b) (emphasis added); see also id. § 273.10(e)(2)(vi)(B) (except as specifically provided, "one- and two-person households shall be provided with at least the minimum benefit.").

As Plaintiffs note, Defendants' first set of reduction tables set the reduced minimum SNAP allotments for a one- or two-person household for most Plaintiffs to $12, with Hawaii being set to $20. SNAP Reduced Allotments Tables 3 [Doc. No. 55-2]. The revised reduction tables, which Defendants contend that States must now follow while the D.R.I. District Court orders are administratively stayed, set forth reduced minimum SNAP allotments of $16 for the 48 states and DC, and $26 for Hawaii. Revised SNAP Reduced Allotments Tables 3 [Doc. No. 65-1].

Defendants explain that they calculated the minimum benefit as 8% of the reduced allotment, rather than 8% of the maximum allotment. Defs.' Opp'n to Renewed Mot. 9 [Doc. No. 77]. They assert that "[t]here is nothing in the regulations suggesting that the minimum benefit is tied to the maximum allotment absent a reduction." Id. To the contrary, the regulation plainly defines the minimum benefit as "8 percent of the maximum allotment for a household of one, rounded to the nearest whole dollar[,]" without any carve-out for a reduction in benefits. 7 C.F.R. § 273.10(e)(2)(ii)(C). And elsewhere, where the regulation did intend to refer to the "reduced maximum SNAP allotment," it used that term. See 7 C.F.R. § 271.7(c) (explaining that if a reduction in allotments is deemed necessary, the maximum SNAP allotments would first be reduced, and "[t]hen 30 percent of the household's net SNAP income would be deducted from the reduced maximum SNAP allotments amount") (emphasis added). No such language appears in the provisions for the "minimum benefit" for a household of one.

In sum, where the October 10 and October 24 Letters were based on the erroneous notion that the Contingency Funds could not be used to pay November SNAP Benefits, the November 4 and November 5 Letters contain incorrect calculations as to partial benefits, and the November 8 Letter nonetheless directs States to follow the November 5 partial payment directive, the court grants a Temporary Restraining Order staying any enforcement of these Letters against the Plaintiffs as to partial payments made or withheld.

### 2. Funding for Partial Payments

Plaintiffs also assert that as to States that took steps for 100% funding after the November 6 Orders were issued, Defendants have cut off all funding and that not even the Contingency Funds are being released in these states. Pls.' Notice of Supp. Facts 1–2 [Doc. No. 91]. In a notice to the court, Plaintiffs allege that "USDA's Food and Nutrition Service (FNS) has refused

to extend their state-specific lines of credit upon which their SNAP/EBT processing vendors draw to reimburse retailers for beneficiaries' purchases." Id. at 1. In certain States, the result of this has been that federal funding "has been shut off completely" where FNS has refused "to certify or acknowledge issuance files sent by certain Plaintiffs to their SNAP/EBT processing vendors when the issuance files contain full November benefits." Id. Through correspondences with Defendants, Plaintiffs have learned that Defendants are requiring that States submit amended issuance files for 65% of the maximum allotment for States to receive access to funding. Ex A 1 [Doc. No. 91-1]. Plaintiffs argue that this means that States that took steps to provide full benefits to SNAP recipients must "undo these steps," contrary to this court's November 10 Order [Doc. No. 83] staying Defendants' November 8 Letter, in order to receive the 65% funding. Pls. Notice of Supp. Facts 3 [Doc. No. 91].

Defendants do not dispute that any State that has submitted an issuance file using the Maximum Allotment of 100% will not be approved by USDA, even at the partial benefit level funded by the Contingency Funds. Ex A 1 [Doc. No. 91-1] ("[T]he issue here is that the relevant States with issues have submitted for 100% rather than 65% and the system rejected the 100% since there are insufficient funds apportioned for that purpose. To get the letter of credit to 65% the State needs to submit a 65% to the system."). Defendants contend that the USDA system prevents Defendants from accepting any submitted issuance file "that exceeds the funds apportioned in the system for purposes of the letters of credit[.]" Defs.' Response ¶ 1 [Doc. No. 95]. They contend that "[t]he system was and is configured to accept a submission up to the value of the 65% maximum allotment level[.]" Id. Consequently, the system is "reject[ing] States sending issuance files at 100% of the maximum allotment." Id.

Defendants have not adequately explained, however, why the system cannot be adjusted to allow the disbursement of the 65% funding despite the issuance file using the 100% figure. And Defendants have not provided sufficient information to explain why the only option is for States to submit new issuance files, prolonging further the withholding of SNAP benefits, except by asserting, without reference to any affidavit or additional record, that "USDA cannot manually update a State's letter of credit." Defs. Response ¶ 2 [Doc. No. 95] (emphasis omitted).

Plaintiffs, in turn, point out that many States "cannot feasibly cancel full-benefit issuance files and resubmit partial benefit files[.]" Pls.' Notice of Supp. Facts 2 [Doc. No. 91].

This issue has now created the reality that even the Contingency Funds, which Defendants represented to this court on November 3 would be available to the States for a partial payment as of that date, are not being disbursed. At this juncture, where the court has not been provided with sufficient information to determine why Defendants are unable to find a technical solution to ensure that at least the Contingency Funds will be released as expeditiously as possible, the court will set a show cause hearing for this afternoon, Wednesday, November 12, 2025, at 3:30 p.m., for Defendants to provide cause to the court as to why it is unable to make the Contingency Funds available immediately. In light of Plaintiffs' <u>Further Update Regarding Supplemental Facts</u> [Doc. No. 98] filed earlier today, Plaintiffs will promptly inform the court should this hearing no longer be necessary.

### C. Plaintiffs' Request to Restrain the November 8 Letter and its Enforcement

The USDA's November 8 Letter demanded that States undo actions taken to issue full SNAP benefits following the issuance of the D.R.I. District Court's TROs and threatened dire consequences against States that failed to do so. Updated Supplemental Nutrition Assistance Program (SNAP) November Benefit Issuance (Nov. 8, 2025) [Doc. No. 79-1]. Plaintiffs seek to

restrain that directive and its enforcement and argue, <u>inter alia</u>, that Defendants' issuance of the November 8 letter was an arbitrary and capricious agency action in violation of the APA. Pls.' Further Mot. for a Temporary Restraining Order [Doc. No. 80]. The court finds that Plaintiffs are likely to succeed on their challenge to the enforcement of the November 8 Letter.

"A decision is arbitrary and capricious 'if the agency has relied on factors which Congress has not intended it to consider, entirely failed to consider an important aspect of the problem, offered an explanation for its decision that runs counter to the evidence before the agency, or is so implausible that it could not be ascribed to a difference in view or the product of agency expertise.'" <u>Craker v. Drug Enf't Admin.</u>, 714 F.3d 17, 26 (1st Cir. 2013) (citing <u>Motor Vehicle Mfrs. Ass'n of the United States, Inc. v. State Farm Mut. Auto. Ins. Co.</u>, 463 U.S. 29, 43 (1983)). Actions must be "reasonable and reasonably explained." <u>Fed. Commc'ns Comm'n v. Prometheus Radio Project</u>, 592 U.S. 414, 423 (2021). Further, when an agency is departing from a previous position, the agency must display awareness of such a change. <u>F.C.C. v. Fox Television Stations, Inc.</u>, 556 U.S. 502, 515 (2009) ("[T]he requirement that an agency provide reasoned explanation for its action would ordinarily demand that it display awareness that it <u>is</u> changing position. An agency may not, for example, depart from a prior policy <u>sub silentio</u>[.]") (emphasis in original).

USDA's November 8 Letter asserting that States' issuances of the full payment files were unauthorized fails to account for, or even acknowledge in much detail, the events immediately before the letter's issuance. Updated Supplemental Nutrition Assistance Program (SNAP) November Benefit Issuance (Nov. 8, 2025) [Doc. No. 79-1]. Defendants, as their position is articulated in the November 8 Letter, would first have States ignore the D.R.I. District Court's Temporary Restraining Order, <u>even while those orders were not stayed</u>. As noted, these orders

directed Defendants to make the full SNAP benefits available to the States. States acted in reliance of these orders when they submitted payment files for full November benefits.

Further, USDA itself confused the record by issuing and not rescinding a notice on November 7, 2025, stating that FNS "is working towards implementing November 2025 full benefit issuances in compliance with the November 6, 2025 order" and that "[l]ater today, FNS will complete the processes necessary to make funds available to support your subsequent transmittal of full issuance files to your EBT processor[.]" Updated Supplemental Nutrition Assistance Program (SNAP) November Benefit Issuance (Nov. 7, 2025) [Doc. No. 75-1] (emphasis added). This statement provided no indication that Defendants were appealing and seeking a stay of the district court's orders. Indeed, in retrospect, it appears that the statement was carefully crafted to feign compliance with the D.R.I. Temporary Restraining Order when the USDA intended to do no such thing. And, even after receiving an administrative stay on November 7, Defendants delayed a full day before issuing the November 8 Letter that departed from statements the agency itself made just the day before.

In light of this record, the court finds that USDA's assertion—that the States took "unauthorized" action when they were complying with a court order that had not yet been stayed and with the USDA's own directive—untethered to the factual record. Accordingly, Plaintiffs are likely to success on the merits of their claim that the November 8 Letter is arbitrary and capricious agency action.

Accordingly, the court grants a Temporary Restraining Order also staying any enforcement of the November 8 Letter against the Plaintiffs for taking steps to issue full benefits before the November 8 Letter was sent.

## III.    CONCLUSION

The court grants Plaintiffs' requests for temporary relief as follows:

(1) Plaintiffs' request that the court order full payment of SNAP benefits is denied without prejudice where the D.R.I District Court has already ordered that relief in its First TRO, the Defendants' request for a stay of the First TRO was denied on the merits, and any stay of the First TRO is currently before the Supreme Court, and where the D.R.I. District Court also ordered that relief in the alternative in its Second TRO, and the Defendants' request for a stay of the Second TRO was granted only so long as the First TRO remains in place.

(2) Plaintiffs' request that the court order indemnification as to partial payments is denied but the court grants as alternative relief a stay of any enforcement of the October 10, October 24, November 4, November 5, and November 8 Letters against the Plaintiffs as to partial payments made or withheld.

(3) Plaintiffs' request that the court order USDA to fund SNAP programs at least up to the amounts covered by the Contingency Funds is GRANTED in part. The USDA is ordered to release to SNAP/EBT processing vendors by noon on November 13, 2025, at least the SNAP Contingency Funds that the USDA previously assured the court were being released. As to the States that submitted full issuance files that Defendants argue must now submit revised issuance files for 65% of the maximum allotment, Defendants shall show cause at a hearing on November 12, 2025, at 3:30 p.m., to address why Defendants is unable to release the Contingency Funds without requiring States to submit new issuance files. In light of Plaintiffs' Further Update Regarding Supplemental Facts [Doc. No. 98] filed earlier today, Plaintiffs will promptly inform the court should this hearing no longer be necessary.

(4) In staying enforcement of the November 8 Letter, the court also stays the USDA's directive that States "must immediately undo any steps taken to issue full SNAP benefits for November 2025" and shall "advise the appropriate FNS Regional Office representative of steps taken to correct any actions taken that do not comply with this memorandum," to the extent such steps were taken between the time the D.R.I. District Court issued its TROs on November 6, 2025, and the USDA issued its November 8, 2025 Letter.

IT IS SO ORDERED.

November 12, 2025                    /s/ Indira Talwani
                                     United States District Judge